No. 86-04

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

CITY OF HELENA,

        Plaintiff and Respondent,

-vs-

LEONARD PETE LAMPING,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Frederick F. Sherwood, Helena, Montana

    For Respondent:

        Hull & Sherlock; David Hull, Helena, Montana

---

Submitted on Briefs: March 6, 1986

Decided: June 4, 1986

Filed: JUN 4 - 1986

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the First Judicial District in and for Lewis and Clark County, Montana. The court denied defendant's motion to supress certain evidence and defendant appeals. We affirm.

The defendant, Lamping, was arrested by city police in Women's Park, Helena. He was charged with a violation of the city open container ordinance and with giving alcohol to a minor. Lamping pled guilty to the first charge. The latter charge was dismissed.

After the arrest, Lamping was taken immediately to the county jail to be jailed. According to the jailer on duty, the usual procedure was followed in processing the prisoner. All his personal property was taken from him to be inventoried. While searching Lamping, the jailer pulled out of his shirt pocket what appeared to be a crumpled pack of Marlboro cigarettes. The pack was open. The jailer looked into it because he did not want to throw it away if it contained cigarettes. There was one hand-rolled cigarette in the pack which was determined to be a marijuana cigarette. As a result of finding the marijuana cigarette, the City charged Lamping with misdemeanor possession of dangerous drugs. He was tried and convicted in absentia. On appeal to the District Court, Lamping argued the evidence on which the City relied was obtained through an illegal search. A suppression hearing was held. The motion to suppress was briefed by both sides and denied by the District Court. At the subsequent bench trial, Lamping was found guilty and sentenced to 45 days in jail.

The only issue on appeal is whether the motion to suppress should have been granted.

Evidence which is obtained illegally cannot be admitted at trial because its admission violates defendant's federal constitutional fourth amendment right against unreasonable search and seizure. Weeks v. United States (1914) 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652. This rule was made applicable to the states in Mapp v. Ohio (1961), 367 U.S. 643, 655-657, 81 S.Ct. 1684, 1691-1692, 6 L.Ed.2d 1081, 1090-1091. When a defendant moves to suppress certain evidence, he is entitled to a hearing on his motion, where the admissibility of the evidence is decided by the judge as a matter of law. Jackson v. Denno (1964), 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. In addition to the protection accorded by the fourth amendment to the federal constitution and Art. II, § 11 of the Montana Constitution against unreasonable search and seizure, the Montana Constitution specifically protects the individual's right to privacy. Art. II, § 10, 1972 Mont. Const.

Lamping argues the inventory search prior to his incarceration violates Art. II, § 10, and § 11 of the Montana Constitution. He relies on State v. Sierra (Mont. 1985), 692 P.2d 1273, 42 St.Rep. 106. Sierra is inapplicable in this case, however. The defendant in Sierra was a person detained on suspicion of being an illegal alien. During an inventory search, a suitcase in his possession was opened and searched without a warrant. The case at bar involves an open, somewhat crumpled cigarette package which was in the defendant's shirt pocket.

Lamping does not contest the legality of the discovery of the Marlboro pack itself. He is contesting the fact the jailer looked inside the open pack. The jailer testified he did not want to throw away the pack if there were cigarettes inside. There is no evidence the jailer was acting unreasonably, or in a non-investigatory way.

The Ninth Circuit Court in United States v. Monclavo-Cruz (9th Cir. 1981), 662 F.2d 1285, 1290, cited with approval by the United States Supreme Court in United States v. Chadwick (1976), 433 U.S. 1, 16, n. 10, 97 S.Ct. 2476, 2486, 53 L.Ed.2d 538, 551:

> Unlike searches of the person, United States v. Robinson, 414 U.S. 218, [94 S.Ct. 467, 38 L.Ed.2d 427] (1973); United States v. Edwards, 415 U.S. 800, [94 S.Ct. 1234, 39 L.Ed.2d 771] (1974), searches of possessions within an arrestee's immediate control cannot be justified by any reduced expectations of privacy caused by the arrest . . .

The Circuit Court said:

> We understand this footnote to mean that once a person is lawfully seized and placed under arrest, she has a reduced expectation of privacy in her person. Thus, a search of a cigarette case on the person is lawful once the person is under arrest without reference to any possible danger to the police. . . United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973);. . .

We concur with this distinction drawn between searches of the person and searches of possessions within an arrestee's immediate control.

Lamping was not subjected to an illegal search, nor was his right to privacy violated when the jailer looked inside the open pack of cigarettes to make sure it was empty. Had the package been empty, it would have been thrown away. Had there been a non-marijuana cigarette in it, it would have been returned to Lamping if he wanted to smoke. According to the jailer, "nine times out of ten a prisoner will ask for a cigarette while he is being booked." Dangerous instrumentalities can be concealed in innocent looking articles taken from an arrestee's possession. The state has a compelling interest in protecting prisoners from potential danger. It must protect both the defendant and the officer by accounting for any money a prisoner might have.

In *Sierra*, supra, while agreeing with the United States Supreme Court in Illinois v. Lafayette (1983), 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65, that there are numerous, legitimate governmental interests which override the interests of the individual, "we [did not] agree that their existence may permit an inventory search in all circumstances . . . [I]n many of these circumstances the police should use the least intrusive means possible for conducting an inventory search." 692 P.2d at 1275, 42 St.Rep. at 108.

There are circumstances where a search is not unreasonable for failure to secure a search warrant. The case at bar is one. Lamping's reasonable expectation of privacy is diminished as to the open cigarette pack found in his shirt during a routine inventory search. When a container is open, the intrusion is justified to protect the other prisoners from harm. The contents of an unsecured package should be inventoried separately.

In this instance the search was reasonable to assure this protection. The order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 5 -