MR. JUSTICE HARRISON
delivered the Opinion of the Court.
*324 This is an appeal by the State of Montana from an order issued by the Twelfth Judicial District Court in and for Hill County granting defendant’s motion to suppress evidence seized by the Havre police during an inventory search of defendant’s person prior to his incarceration.
We reverse the order of the District Court.
The sole issue on appeal is whether the District Court erred in granting defendant’s motion to suppress evidence.
Both parties stipulated to the following facts from which the District Court reached its decision:
“Defendant Lamere was lawfully arrested for driving under the influence, in violation of Section 61-8-401, MCA, on September 2, 1985 [correction to September 7, 1985] at approximately 2:00 a.m. in Havre, Hill County, Montana, by Laurel Zorn of the Havre Police Department.
“At the station following the arrest, Officer Zorn removed two items of personal property from the defendant as part of an inventory search at the police station. Both of these items were opened, searched and evidence seized therefrom.
“The first item opened was a leather pouch which had been removed from the inside pocket of defendant’s jacket which he was wearing at the time. Police zipped open this pouch, searched it and seized the contents. The contents included alleged drug paraphernalia and a white powder in the vial which field tested positive as cocaine.
“The second item taken from the defendant was a bank money bag which was removed from the defendant’s pants leg in a pat down search following seizure of the alleged cocaine. The police zipped open this bág and searched it producing two small bags of alleged marijuana.
“Both of these searches and seizures were effected without a search warrant although there was opportunity to make application for one. Both searches were done as part of the standard inventory procedure used by the Havre Police Department. Defendant did not consent to either search.”
In addition to these facts we add that an information was filed charging defendant with two counts of criminal possession of dangerous drugs and one count of criminal possession of drug paraphernalia. Defendant filed a motion to suppress all items seized by the police during the search. The District Court granted defendant’s *325 motion to suppress and the State now appeals from this decision to suppress.
The District Court concluded that the removal of defendant’s two containers and the opening and searching of them without the defendant’s consent after his arrest but prior to his incarceration violated his right to be free from unreasonable search and seizure under the United States and Montana Constitutions. The District Court erroneously found that the facts of the case were governed by the reasoning stated in State v. Sierra (Mont. 1985), [214 Mont. 472,] 692 P.2d 1273, 42 St.Rep. 106.
In Sierra, the police removed a closed container of property — a small suitcase — from the defendant as part of a routine inventory search prior to incarceration. They opened and searched it without a warrant. The non-warrant search of the small, closed contained for inventory purposes was found to be in violation of defendant’s rights.
Appellant State requests this Court to reconsider its holding in State v. Sierra in light of decisions in other jurisdictions to follow the United States Supreme Court’s decision in Illinois v. Lafayette (1983), 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65. See People v. Decker (1986), 176 Cal.App.3d 1247, 222 Cal.Rptr. 689; Henderson v. State (1985), 16 Ark.App. 225, 699 S.W.2d 419; State v. Cole (Utah 1983), 674 P.2d 119.
While not cited by either brief due to its recent release, the decision by the United States Supreme Court, Colorado v. Bertine (1987),__ U.S. __, 107 S.Ct. 738, 93 L.Ed.2d 739, reinforces Illinois u. Lafayette, supra. In Bertine, police officers in Boulder, Colorado, arrested the petitioner, Steven Lee Bertine, for driving while under the influence of alcohol. After he was taken into custody, and before the arrival of a tow truck to take Bertine’s van to an impounded lot, another officer while acting in accordance with local police procedure, inventoried the van’s contents. The officer opened a closed backpack in which he found controlled substances, cocaine paraphernalia, and a large amount of cash. Prior to Bertine’s trial on charges that included unlawful possession of cocaine with intent to dispense, sell, and distribute, a state trial court granted Bertine’s motion to suppress the evidence found during the inventory search. The Colorado trial court ruled that the search did not violate Bertine’s rights under the Fourth Amendment, but held the search violated the Colorado Constitution. The Colorado Supreme Court affirmed, but premised its ruling on the United States Constitution. *326 The United States Supreme Court reversed, holding that the Fourth Amendment did not prevent the state from proving criminal charges with evidence discovered during the inventory of Bertine’s van.
The State argues, and we agree, that City of Helena v. Lamping (Mont. 1986), [221 Mont. 370,] 719 P.2d 1245, 43 St.Rep. 901, should have governed the District Court’s decision and not State v. Sierra, supra. In Lamping the defendant was lawfully arrested for unrelated offenses and taken to the county jail to be jailed. Prior to incarceration the jailer inventoried Lamping’s personal property. While searching him the jailer took an open cigarette package out of Lamping’s shirt pocket and discovered a hand rolled marijuana cigarette in it. Lamping was charged with possession of dangerous drugs. In Lamping, we pointed out that dangerous instrumentalities can be concealed in innocent looking articles taken from an arrestee’s possession and the State has a compelling interest in protecting prisoners from potential dangers and must also protect the defendant and the officer by accounting for any money the person has. We concluded that the inventory search in Lamping was not unreasonable for failure to secure a search warrant.
We conclude that the theory of Lamping is applicable here. We further point out that in Bertine, the Court analyzed the inventory procedure in a manner which we find directly applicable to the present case:
“In the present case, as in Opperman and Lafayette, there was no showing that the police, who were following standardized procedures, acted in bad faith or for the sole purpose of investigation. In addition, the governmental interests justifying the inventory searches in Opperman and Lafayette are nearly the same as those which obtain here. In each case, the police were potentially responsible for the property taken into their custody. By securing the property, the police protected the property from unauthorized interference. Knowledge of the precise nature of the property helped guard against claims of theft, vandalism, or negligence. Such knowledge also helped to avert any danger to police or others that may have been posed by the property.”
Bertine, supra,_U.S. at_, 107 S.Ct. at 741.
We adopt the Bertine rationale for inventory search and conclude that in the present case, the order suppressing evidence should be reversed and the case returned to the District Court for trial.
*327 MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER and GULBRANDSON concur.