JUSTICE HUNT
dissenting.
I dissent from the majority opinion for the reasons stated in my dissent in State v. LaMere (1987), 226 Mont. 323, 735 P.2d 511. This is another very long step down the road to making Article II, Sections 10 and 11, of the 1972 Montana Constitution worthless. I will not bother to repeat those reasons here, nor comment in any detail upon the statement of the majority that their opinion is limited to routine inventory searches conducted at station houses under standardized police administrative procedures applicable to all persons arrested. *67 The constitutional protection was for the benefit of all citizens, and was intended as a mandate prohibiting intrusion on the privacy of individuals. This prohibition extends to us all, including law enforcement officials, not just some of the time, but all of the time, unless there is a compelling state interest. In my judgment, absolutely no compelling state interest has been shown here. If there was a compelling state interest to search the knapsack in this case, then all knapsacks are subject to search at any time for any reason.