No. 97-667

293 Mont. 490

977 P. 2d 983

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 60

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROBERT DUANE ANDERSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Amy Guth, Public Defenders Office, Libby, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,

Patricia Jordan, Ass't Attorney General, Helena, Montana

Bernard J. Cassidy, Lincoln County Attorney, Libby, Montana

Submitted on Briefs: December 3, 1998

Decided: March 26, 1999

No

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Robert Duane Anderson (Anderson) appeals from the judgment entered by the Nineteenth Judicial District Court, Lincoln County, on his conviction for criminal possession of dangerous drugs and criminal possession of drug paraphernalia, both misdemeanors. We reverse and remand.**

**¶2. The dispositive issue on appeal is whether the District Court erred in denying Anderson's motion to suppress.**

## BACKGROUND

**¶3. On October 8, 1996, Detective Steve Hurtig (Hurtig) of the Lincoln County Sheriff's Department (LCSD) applied for and received a search warrant from the Lincoln County Justice Court (Justice Court) authorizing the search of a trailer house in which Toni Merrill (Merrill) and Randy Erickson (Erickson) lived. The search warrant authorized the search of the residence for dangerous drugs, drug paraphernalia and other specified evidence or contraband relating to illegal drug possession or distribution; it did not authorize the search of any person.**

**¶4. At approximately 11:30 a.m. that same day, Hurtig and several other LCSD officers arrived at the trailer to execute the search warrant. Anderson, who was living at the trailer for several days while in the process of moving, answered the door and Hurtig announced that he had a warrant to search the residence. The officers directed Anderson to go into the living room, where he remained seated on**

the couch while they conducted the search. Hurtig went into a back bedroom where Merrill and Erickson were sleeping and, during his search of the bedroom, discovered several small plastic bags containing what he believed to be methamphetamine. Hurtig arrested Merrill and Erickson at that point and brought them into the living room.

¶5. Anderson then asked to be allowed to leave the trailer and Hurtig responded that Anderson could not leave the premises until he had been searched. Hurtig searched Anderson and found a small bag containing what he believed to be marijuana and a pipe used for smoking marijuana. Anderson was arrested and subsequently charged in Justice Court with the misdemeanor offenses of criminal possession of dangerous drugs and criminal possession of drug paraphernalia. Following a bench trial, the Justice Court found Anderson guilty of both offenses and imposed sentence. Anderson appealed his convictions to the District Court.

¶6. Anderson moved the District Court to suppress the evidence seized during the search of his person, asserting that the warrantless search violated his right to be free from unreasonable searches and seizures. The District Court held a combined hearing on the motion to suppress and bench trial and subsequently entered its order denying Anderson's motion to suppress. Thereafter, the court rendered its verdict finding Anderson guilty of both charged offenses and sentenced him to six months in jail for each offense, with execution of the sentences suspended subject to specified conditions. The District Court entered judgment on the convictions and sentences and Anderson appeals.

## STANDARD OF REVIEW

¶7. "We review a district court's denial of a motion to suppress to determine whether the court's findings of fact were clearly erroneous and whether those findings were correctly applied as a matter of law." State v. Williamson, 1998 MT 199, ¶ 7, 965 P.2d 231, ¶ 7, 55 St.Rep. 843, ¶ 7 (citing State v. Fitzgerald (1997), 283 Mont. 162, 167, 940 P.2d 108, 111). The parties do not dispute the pertinent facts in this case and, as a result, we address only whether the District Court correctly applied the law in denying Anderson's motion to suppress.

## DISCUSSION

No

**¶8. Did the District Court err in denying Anderson's motion to suppress?**

**¶9. Anderson moved to suppress the evidence obtained during the search of his person on the basis that the search was neither authorized by a warrant nor justified by an exception to the warrant requirement and, therefore, violated his constitutional right to be free from unreasonable searches and seizures. In denying Anderson's motion, the District Court concluded that the LCSD officers had probable cause to believe that Anderson was committing a crime and, as a result, that they were justified in conducting the warrantless search. The court also determined that it was preferable to conduct the relatively noninvasive search than to detain Anderson while the officers applied for a search warrant. Anderson asserts that the District Court erred.**

**¶10. The Montana Constitution guarantees citizens the right to be free from unreasonable searches and seizures by providing that**

[t]he people shall be secure in their persons, papers, homes and effects from unreasonable searches and seizures. No warrant to search any place, or seize any person or thing shall issue without describing the place to be searched or the person or thing to be seized, or without probable cause, supported by oath or affirmation reduced to writing.

Art. II, Sec. 11, Mont. Const. It is well-established that a warrantless search is *per se* unreasonable absent the existence of one of the carefully drawn exceptions to the warrant requirement. State v. Wakeford, 1998 MT 16, ¶ 21, 287 Mont. 220, ¶ 21, 953 P.2d 1065, ¶ 21 (citation omitted); see also § 46-5-101, MCA. In this case, the parties do not dispute that the search warrant obtained by the LCSD officers did not authorize the search of any person and that no other search warrant authorized the search of Anderson's person. Consequently, unless the search was justified by a judicially recognized exception to the search warrant requirement, it was *per se* unreasonable.

**¶11. One exception to the search warrant requirement is where probable cause exists to conduct the search and exigent circumstances make it impracticable to obtain a warrant. See Wakeford, ¶ 22 (citations omitted). Anderson argues that this exception is inapplicable here because neither probable cause nor exigent circumstances existed when Hurtig searched him.**

¶12. Probable cause exists where the facts and circumstances within an officer's knowledge, or conveyed to the officer by a reliable source, are sufficient to warrant a reasonable person to believe that another person has committed an offense. Wakeford, ¶ 22 (citation omitted). The District Court concluded that Hurtig had probable cause to believe that Anderson was committing the offense of possession of dangerous drugs based on his knowledge of Anderson's extensive history of drug-related activity, much of which was associated with Merrill and Erickson and their trailer residence, combined with the fact that Hurtig had found what he believed to be methamphetamine in the trailer prior to his search of Anderson. We agree.

¶13. In his affidavit in support of the search warrant application, Hurtig stated that Anderson had been arrested in March of 1996 for possession with intent to sell one pound of marijuana. The affidavit further stated that the LCSD had received information from anonymous and confidential informants in December of 1995, January of 1996 and March of 1996 regarding Anderson's involvement with drug trafficking. These informant tips also connected Anderson's drug-related activities to Merrill, Erickson and the trailer which was searched pursuant to the warrant. Hurtig also testified at the hearing on the motion to suppress that he knew Anderson had been arrested in 1991 for possession with intent to sell eleven pounds of marijuana. Thus, Hurtig was aware, prior to searching the trailer, that Anderson had a history of possessing and trafficking in dangerous drugs. This knowledge, when combined with his subsequent discovery of what Hurtig believed to be methamphetamine in the trailer bedroom and Anderson's presence in the trailer at the time of the search, was sufficient to give Hurtig probable cause to believe that Anderson was committing the offense of possession of dangerous drugs.

¶14. Anderson argues, however, that the information regarding his prior drug-related activity was stale and cannot support a determination of probable cause. A determination of whether information is too stale to be considered in establishing probable cause depends largely on the nature of the activity at issue. State v. Rinehart (1993), 262 Mont. 204, 213, 864 P.2d 1219, 1224. Where criminal activity is continuing in nature, information which would be stale when considered individually will carry greater weight in a probable cause determination when combined with more recent information. Rinehart, 262 Mont. at 214, 864 P.2d at 1224-25. Furthermore, we previously have determined that where information reveals that the possession and distribution of dangerous drugs by a person is a protracted and continuing activity, the passage of time between prior conduct and the probable

cause determination becomes less significant. State v. O'Neill (1984), 208 Mont. 386, 395-96, 679 P.2d 760, 765.

¶15. Here, the LCSD received the informant tips regarding Anderson's drug-related activities between seven and ten months prior to the search at issue. One of Anderson's drug-related arrests was five years prior to the search and the other was a mere seven months earlier. Although the informant tips and arrest information may be stale when each is considered individually, the combined effect of the information--in the context of Hurtig's discovery, only minutes before he searched Anderson, of methamphetamine in the trailer where Anderson was staying and where much of Anderson's prior drug-related activity took place--reveals a pattern of continuous conduct by Anderson, thus making the information more relevant in a probable cause determination. See Rinehart, 262 Mont. at 214, 864 P.2d at 1224-25; O'Neill, 208 Mont. at 395-96, 679 P.2d at 765. Under these circumstances, we conclude that the information possessed by Hurtig prior to the search of Anderson was not stale for purposes of a probable cause determination that Anderson was committing the offense of possession of dangerous drugs.

¶16. Anderson also argues that the three informant tips regarding his drug-related activities were insufficient to establish probable cause because they were not corroborated by the LCSD officers. When the information in an informant tip is hearsay or the informant is anonymous, it must be corroborated through other sources before the tip is considered sufficient to establish probable cause. Rinehart, 262 Mont. at 212, 864 P.2d at 1224. The January of 1996 informant tip was received from a confidential informant who was known to LCSD officers and who had provided reliable information to law enforcement in the past; the informant was not anonymous. Moreover, the information related by this confidential informant, as set forth in Hurtig's affidavit in support of the search warrant application, was sufficiently detailed to show that the tip was based on the informant's personal knowledge and observation rather than hearsay. We conclude that this tip did not require independent corroboration. See Rinehart, 262 Mont. at 212-13, 864 P.2d at 1224.

¶17. The December of 1995 and March of 1996 informant tips relating to Anderson's activities were received through the Crimestoppers program and both were anonymous. Thus, each would require independent corroboration in order to provide a sufficient basis on which to establish probable cause. Rinehart, 262 Mont. at 212,

864 P.2d at 1223. However, although an uncorroborated Crimestoppers tip, by itself, is insufficient to establish probable cause, the tip still has some probative value in a probable cause determination when combined with other information under the facts and circumstances of the case. Rinehart, 262 Mont. at 211, 864 P.2d at 1223. Here, Hurtig's determination of probable cause to believe Anderson was committing a crime was not based solely on one of these anonymous Crimestoppers tips, but rather was based on the combined effect of several informant tips, two previous drug-related arrests and Anderson's presence in the trailer at the time Hurtig found what he believed to be methamphetamine. We conclude that, regardless of whether the two Crimestoppers tips were independently corroborated, they had probative value in the determination of probable cause to believe Anderson was committing a crime.

¶18. Anticipating our conclusion above that there was probable cause to believe Anderson was committing an offense, Anderson argues that no exigent circumstances justified the warrantless search of his person. Exigent circumstances are those circumstances which would cause a reasonable person to believe that prompt action--such as an immediate search--is necessary to prevent physical harm to an officer or other person, the destruction of relevant evidence, the escape of a suspect or some other consequence improperly frustrating law enforcement efforts. Wakeford, ¶ 24 (citation omitted). The prosecution bears the heavy burden of establishing the existence of exigent circumstances and can meet this burden only by demonstrating specific and articulable facts which justify a finding of exigent circumstances. Wakeford, ¶ 24 (citations omitted).

¶19. Here, the prosecution did not produce any evidence that the LCSD officers had reason to believe Anderson constituted a threat to the officers or anyone else on the premises at the time the trailer was searched. He sat quietly on the couch while the officers conducted the search and there is no indication that the LCSD officers believed him to be dangerous or carrying a weapon. Indeed, Hurtig testified that he was not concerned for his own safety because the other officers were watching Anderson. He also testified that, in prior experiences with Anderson, Anderson had never resisted arrest or otherwise posed a danger. Moreover, Anderson did not attempt to escape during the search of the trailer and nothing in the record indicates that the officers thought he might do so. Although Anderson asked to leave the trailer, he quietly remained on the premises when told he could not leave. Additionally, the prosecution produced no evidence that Anderson attempted to destroy evidence or that the officers believed he would destroy evidence. Rather, he

merely stayed seated on the couch in the living room, under the observation of at least one officer at all times, with no opportunity to destroy any evidence he may have had in his possession.

¶20. Finally, the facts of this case are that the officers executed the search warrant for the trailer at mid-day, during regular business hours on a weekday. Lincoln County has a district court judge, a justice of the peace and a city judge, all of whom are authorized to issue search warrants. See § 46-5-220(2), MCA. While it may have been reasonable to detain Anderson during the search of the trailer, once he was detained and the officers believed they had probable cause to search him nothing prevented the officers from approaching one of the available judicial officers to obtain a warrant--or amend the existing warrant--to authorize a search of Anderson.

¶21. The State of Montana (State) does not expressly argue that exigent circumstances existed in this case. It does argue, however, that the District Court correctly concluded that the "quick pat-down" search of Anderson was less intrusive than detaining Anderson while the officers obtained a warrant. While this may be true, it is irrelevant to the question before us regarding whether exigent circumstances existed here. Nor does the State cite to any legal authority for the novel proposition that a warrantless search may be justified where it arguably would be less invasive than detaining a person while a search warrant is obtained. A party's arguments must be supported with citation to legal authority and, where no authority is cited, we will not address the arguments. State v. Sol (1997), 282 Mont. 69, 76, 936 P.2d 307, 311; Rule 23(a)(4), M.R.App.P. We conclude, on the record before us, that the State has not met its burden of establishing that exigent circumstances existed to justify the warrantless search of Anderson.

¶22. Notwithstanding the absence of exigent circumstances, the State contends that Hurtig's probable cause to believe Anderson was committing the offense of possession of dangerous drugs was sufficient--standing alone--to justify the warrantless search of Anderson in this case, and it cites to authorities which purportedly support its argument. While we concluded above that probable cause existed for the search, we disagree that probable cause alone was sufficient to justify the warrantless search of Anderson.

¶23. Two of the cases on which the State relies involved arrests followed by warrantless searches of the arrestees which revealed dangerous drugs. See State v.

Hull (1971), 158 Mont. 6, 9-10, 487 P.2d 1314, 1316; Michigan v. Summers (1981), 452 U.S. 692, 693, 101 S.Ct. 2587, 2589, 69 L.Ed.2d 340, 344. In both cases, the searches were upheld under the well-recognized exception to the general search warrant requirement for a search conducted incident to a lawful arrest. See Hull, 158 Mont. at 15, 487 P.2d at 1319; Summers, 452 U.S. at 705. Here, however, Anderson had not been arrested at the time of the warrantless search of his person, but was arrested only after the drug pipe and the bag containing what was believed to be marijuana were found during the search. Thus, the search in this case, unlike those in Hull and Summers, was not incident to a lawful arrest.

¶24. The State also relies on People v. Hughes (Colo. 1989), 767 P.2d 1201, and Bonds v. State (Ga.App. 1988), 372 S.E.2d 448. In those cases, the defendant was subjected to a search which resulted in the seizure of dangerous drugs. Hughes, 767 P.2d at 1203; Bonds, 372 S.E.2d at 450. In both cases, however, the officers involved testified that the searches were pat-down searches for weapons which were conducted to protect the safety of the officers and, as a result, the searches were upheld as reasonable on that basis under the

authority of Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Hughes, 767 P.2d at 1207; Bonds, 372 S.E.2d at 451. As discussed above, the search of Anderson's person in this case was not conducted to search for weapons in the interest of protecting the LCSD officers' safety. Thus, Hughes and Bonds are clearly distinguishable from the present case.

¶25. Finally, the State cites to § 46-5-228(2), MCA, as authority for its argument that probable cause alone was sufficient to justify the warrantless search of Anderson. The State did not raise § 46-5-228(2), MCA, as support for its argument in the District Court. A party may not change its theory on appeal from that advanced in the trial court; nor may a party raise an argument for the first time on appeal. State v. Sattler, 1998 MT 57, ¶ 48, 956 P.2d 54, ¶ 48, 55 St.Rep. 230, ¶ 48 (citations omitted). On this basis, we decline to address this argument. The State advances no other authority for its contention that probable cause alone was sufficient to justify the warrantless search in this case and we conclude that the State's argument in this regard is without merit.

¶26. We conclude that the warrantless search of Anderson's person, not having been justified by any exception to the warrant requirement, was unreasonable and

**violated Anderson's constitutional right to be free from unreasonable searches. As a result, we hold that the District Court erred in denying Anderson's motion to suppress.**

**¶27. Reversed and remanded for further proceedings consistent with this opinion.**

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART