No. 00-241

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 296N

IN RE THE MARRIAGE OF
CHERYL RENEE BERGER,

Petitioner and Respondent,

and

ROGER JEROME BERGER,

Respondent and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Bruce McEvoy; Warden, Christiansen, Johnson & Berg, Kalispell,

Montana

For Respondent:

George B. Best, Attorney at Law, Kalispell, Montana

Submitted on Briefs: July 20, 2000
Decided: November 30, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 This is an appeal from the January 12, 2000, Findings of Fact, Conclusions of Law and Decree of Dissolution entered in Flathead County, Eleventh Judicial District Court. Roger Berger (Roger) appeals from that Decree. We affirm in part and reverse in part and remand for further proceedings.

¶3 Roger raises the following issues on appeal:

¶4 1. Did the District Court err in determining child and/or spousal support?

¶5 2. Did the District Court err in valuing certain property and including such property within the divisible marital estate?

¶6 3. Did the District Court err in not including certain debt within the divisible marital estate?

¶7 4. Did the District Court err in failing to allocate and identify family support previously ordered by the Special Master?

Standard of Review

¶8 This Court reviews a district court's findings of fact to determine if they are clearly erroneous. In re Marriage of Foreman, 1999 MT 89, ¶ 14, 294 Mont. 181, ¶ 14, 979 P.2d 193, ¶ 14. Conclusions of law are reviewed to determine whether the district court's interpretation of the law was correct. In re Marriage of Kovash (1995), 270 Mont. 517, 521, 893 P.2d 860, 863.

## Discussion

¶9 1. Did the District Court err in determining child and/or spousal support?

¶10 The parties have one minor child and one adult child attending college. The District Court set Roger's child support obligation at $482 per month. Roger contends that this figure is erroneous on two counts: first, it is based upon a calculation for two minor children and, secondly, the amount of income attributed to Roger is not supported by the evidence.

¶11 Cheryl Berger (Cheryl) acknowledges that the worksheet relied upon by the District Court included two children "incorporating in that thought the fact that Cheryl pays $250.00 to $300.00 per month to help support college expenses for the adult child of the parties, Lars." Although Cheryl is to be commended for financially supporting their son's college education, Roger has no legal obligation to contribute to the support of an adult child. The District Court erred in adopting child support worksheet figures which are based upon two children when the parties only have one minor child. We remand to the District Court for recalculation of child support using a factor of one minor child.

¶12 As to the amount of Roger's income, there was evidence before the court that Roger's four-year annual gross farm income average was $51,500; that the Whitetail farm land had CRP income of $13,000 and that Roger has the ability to earn $30 to $40 per hour with his backhoe. We determine that substantial evidence in the record supports the District Court's finding that Roger's income is $45,000.

¶13 2. Did the District Court err in valuing certain property and including such property within the divisible marital estate?

¶14 Roger's grandfather owned 640 acres in Daniels County, Montana. When the grandfather died, the property was divided evenly between Roger's father and Roger's aunt. Roger's father, Paul, and Roger's mother incrementally gifted Paul's interest (320 acres) to Roger during the course of Roger's marriage to Cheryl. Roger also borrowed funds to buy the remaining 320 acres of the property. Roger put the entire 640 acres into CRP so that he then received ten years of payments from the Soil Conservation Service for not farming the acreage. The CRP monies were sufficient to pay off the bank debt and supplement the farm income. Roger contends that the District Court erred in including the value of the 640 acres in the marital estate since the property was acquired by gift and

purchase from his family.

¶15 In ascertaining how to treat inherited or gifted property, we must determine whether evidence indicates significant and specific contribution to the property by the nonacquiring spouse. Gifted property need not be included in the marital estate unless the nonacquiring spouse contributed to its preservation or appreciation. In re Marriage of Engen, 1998 MT 153, 289 Mont. 299, 961 P.2d 738.

¶16 In Finding of Fact #28, the District Court found: "The parties own 640 acres of farm land at Whitetail, in Daniels County, Montana, which was acquired during the marriage by a combination of gift and purchase, to which Petitioner's [Cheryl's] contribution in kind was substantial . . . ." In defense of this Finding of Fact, Cheryl argues that she "worked before, during and after pregnancy as a farmer in all regards. In addition, she worked as a bartender, homemaker and mother without assistance or with minimal assistance from Roger." Roger, on the other hand, contends that the CRP payments of $155,770 over the first ten years were, without additional contribution, more than enough to pay off the bank loan as well as all property and income taxes associated with the property. We agree with Roger. Since the CRP monies covered the loan and tax obligations and since the property was not being farmed, no "contribution" from Cheryl was required for either the acquisition or maintenance of the property. We conclude that there is not substantial evidence in the record to support the District Court's Finding of substantial contribution by Cheryl toward the Daniels County property. The District Court's inclusion of this property in the marital estate was in error and is reversed. Since we conclude that the Court erred in including the Daniels County property in the marital estate, we need not address the question as to whether the court properly valued that property.

¶17 Roger also contends that the District Court erred in valuing various items of property, to wit: the residence in Flathead County at $195,000, the tractor at $82,000, the grain auger at $1,000, miscellaneous tools at $40,000 and 15,000 bushels of wheat in storage. We determine that there is substantial evidence in the record to support the court's valuation of each of these properties and we therefore affirm the District Court as to those values.

¶18 3. Did the District Court err in not including certain debt within the divisible marital estate?

¶19 Roger contends that the District Court erred in not including certain debts in the

marital estate. In particular he cites the fact that debts of $14,753 and $18,000 owed by Roger to his father Paul for farming operations were not included in the marital estate. Cheryl points out that omission of the farm operation debts was offset by omission of the monies earned from the farm operation through grain sold or in storage. We hold that these omissions from the marital estate do not constitute reversible error.

¶20 Roger also challenges the District Court's treatment of his debt to the bank in Scobey. Although admitting that the District Court correctly found that he owed the bank $12,500 as of the date of trial and that he had some $11,000 deposited in the bank at that time, Roger contends that the court erred in not factoring in financial developments that occurred in the ten months between trial and the issuing of the decree of dissolution. In particular, he notes that in October, 1999 (seven months post-trial and three months pre-decree), Roger was cited into court to answer for his failure to make temporary support payments as ordered by the Special Master. The evidence as of that date was that Roger only had $2,800 of the $11,000 remaining in his Scobey account and that he was obtaining a new loan for $12,500 to satisfy his back support payments. We find no merit to Roger's argument that it was incumbent upon the court to revalue the marital estate due to his post-trial depletion of the Scobey account and his incurring further indebtedness to pay court-ordered support.

¶21 4. Did the District Court err in failing to allocate and identify family support previously ordered by the Special Master?

¶22 The Special Master entered a temporary support order requiring that Roger pay Cheryl $1,180 per month effective October 1, 1998. Without citing any authority, Roger argues that the District Court erred in not giving Roger credit for these monthly family support payments as being property settlement advances or spousal maintenance. "A party's arguments must be supported with citation to legal authority and, where no authority is cited, we will not address the arguments." State v. Anderson, 1999 MT 60, ¶ 21, 293 Mont. 490, ¶ 21, 977 P.2d 983, ¶ 21 (citations omitted). Accordingly, we decline to address Roger's argument.

¶23 Affirmed in part, reversed in part and remanded for further proceedings.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER