No. 02-540

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 18N

CALVIN SKELTON,

Petitioner and Appellant,

v.

STATE OF MONTANA

Respondent and Respondent.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. **ADC 98-457**
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Calvin Skelton, Deer Lodge, Montana (*Pro Se*)

For Respondent:

Hon. Mike McGrath, Attorney General; Ilka Becker,
Assistant Attorney General, Helena, Montana

Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  January 9, 2003

Decided:  February 11, 2003

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Calvin Skelton (Skelton) appeals from the order entered by the Eighth Judicial District Court, Cascade County, denying his petition for postconviction relief.  We affirm.

¶3    The issue on appeal is whether the District Court erred in denying Skelton's petition.

BACKGROUND

¶4    In October of 1998, the State of Montana (State) charged Skelton by information with felony riot, felony criminal mischief by accountability, felony arson by accountability and misdemeanor assault.  During the course of the proceedings, Skelton moved to dismiss the case based on lack of a speedy trial; the District Court denied the motion.  Skelton subsequently pleaded guilty to the felony riot charge pursuant to a plea agreement in which the State agreed to dismiss the remaining counts.  The plea agreement also expressly provided that Skelton reserved his right to appeal the denial of his motion to dismiss.  The District Court sentenced Skelton to 5 years at the Montana State Prison and entered judgment

2

on the conviction and sentence.  Skelton then appealed the denial of his motion to dismiss and we affirmed the District Court in a nonpublished opinion.  See State v. Skelton, 2001 MT 18N.

¶5    In February of 2002, Skelton petitioned the District Court for postconviction relief, arguing that he was denied his constitutional rights to effective assistance of counsel and a speedy trial.  The State responded that Skelton's claims both lacked merit and were procedurally barred.  The District Court denied the petition and Skelton appeals.

## STANDARD OF REVIEW

¶6    We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and its conclusions of law correct. State v. Wright, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9.

## DISCUSSION

¶7    Did the District Court err in denying Skelton's petition for postconviction relief?

¶8    Skelton first argues that the District Court erred in denying his petition because he received ineffective assistance of counsel during the underlying proceedings.  In analyzing ineffective assistance of counsel claims in postconviction proceedings, we apply the two-part test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.  Wright, ¶ 11.  The Strickland test requires that a defendant establish that his counsel's performance was deficient and the deficient

3

performance prejudiced the defense. <u>Wright</u>, ¶ 11. A defendant must satisfy both prongs of the test; if an insufficient showing is made regarding one prong, there is no need to address the other. Dawson v. State, 2000 MT 219, ¶ 21, 301 Mont. 135, ¶ 21, 10 P.3d 49, ¶ 21. Furthermore, where a defendant entered a guilty plea, "prejudice is established if the [defendant] demonstrates that, but for his counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial." <u>Wright</u>, ¶ 11. Finally, a petition for postconviction relief must identify facts supporting the alleged grounds for relief and be accompanied by affidavits, records or other evidence establishing those facts. Section 46-21-104(1)(c), MCA.

¶9 Skelton contends that his trial counsel was ineffective because he only spoke with her twice over the telephone, did not meet her in person until the eve of trial, was not informed that different counsel would be representing him at his sentencing and failed to make arrangements for witnesses to testify in his behalf. However, Skelton does not allege how any of these perceived deficiencies of his counsel prejudiced him or that he would not have pleaded guilty to the riot offense had they not occurred. Nor does he provide any factual basis, via affidavits or other evidence, as required by § 46-21-104(1)(c), MCA, which would support an allegation of prejudice had he made one. We conclude, therefore, that Skelton has failed to establish the prejudice prong of the <u>Strickland</u> test and his ineffective assistance of counsel argument fails.

4

¶10 Skelton also argues that the District Court erred in denying his postconviction relief petition because he was denied his constitutional right to a speedy trial. However, as the State points out, Skelton raised--and we resolved--this issue in his direct appeal. Claims which were, or reasonably could have been, raised on direct appeal may not be raised or decided in a postconviction relief proceeding. Section 46-21-105(2), MCA. Moreover, under the doctrine of *res judicata*, claims which were raised on direct appeal cannot be raised again in a postconviction relief proceeding. Hagen v. State, 1999 MT 8, ¶ 13, 293 Mont. 60, ¶ 13, 973 P.2d 233, ¶ 13. We conclude, therefore, that Skelton is barred from raising his speedy trial argument here.

¶11 Finally, Skelton argues that his rights guaranteed by Article II, Section 24 of the Montana Constitution were violated in that he

> was denied the opportunity to have his witnesses testify (one way or the other) on his behalf, and a speedy public trial by an impartial jury of the County or District in which the offense is alleged to have been committed as guaranteed by the Montana Constitution.

Skelton provides no further analysis or citation to legal authority, however, in support of this conclusory contention. Rule 23(a)(4), M.R.App.P., requires that an appellant's arguments be supported with citation to legal authority and we will decline to address arguments that are not so supported. State v. Anderson, 1999 MT 60, ¶ 21, 293 Mont. 490, ¶ 21, 977 P.2d 983, ¶ 21. Consequently, we decline to address Skelton's argument here.

¶12 We hold that the District Court did not err in denying Skelton's petition for postconviction relief.

5

¶13  Affirmed.

                                    /S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER