No. 81-340

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

AARON FELIX,

Petitioner,

-vs-

MEL MOHLER, DIRECTOR, SWAN
RIVER YOUTH FOREST CAMP, FOR
THE STATE OF MONTANA,

Respondent.

---

ORIGINAL PROCEEDING:

For Petitioner:

Patterson, Marsillo, Tornabene & Schuyler,
Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena,
Montana
Edward L. McLean, Deputy County Attorney,
Missoula, Montana

---

Submitted on Briefs: October 22, 1981

Decided: November 12, 1981

Filed: NOV 12 1981

*Thomas J. Kasney*
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Petitioner, Aaron Felix, applies for a writ of habeas corpus stemming from an order of the Fourth Judicial District Court entered on May 27, 1981. This order revoked a three year deferred sentence given petitioner on May 22, 1978 and imposed a three and one-half year sentence at the Montana State Prison upon petitioner.

Petitioner was convicted of theft, a felony, in the District Court of the Fourth Judicial District, Missoula County. On May 22, 1978, he was given a three year deferred imposition of sentence on the condition that restitution be made.

On August 20, 1979, this deferred sentence was continued and petitioner was ordered to complete restitution by November 5, 1980. Petitioner failed to comply with this order by November 5, 1980, and a petition to revoke petitioner's deferred sentence was filed on January 16, 1981. A hearing on this petition was held May 27, 1981, three years and five days after the initial deferral.

At this hearing, petitioner moved to dismiss the proceeding on the grounds that the District Court was without jurisdiction. The District Court overruled petitioner's objection concluding that the Court retains ". . . jurisdiction (when) the petition is filed within the (deferral) time."

The District Court sentenced petitioner to three and one-half years in the Montana State Prison. Petitioner has been incarcerated since, either at the Montana State Prison or the Swan River Youth Forest Camp.

Petitioner raises the following issue:

1) Whether a District Court retains jurisdiction to revoke a deferred imposition of sentence beyond the time period of deferral if a petition to revoke is timely filed?

In State v. Porter (1964), 143 Mont. 528, 540, 541, 391 P.2d 704, 711, this Court stated that:

> "[t]his state is committed to the doctrine that once a valid sentence has been pronounced, the court imposing the same is lacking in jurisdiction to vacate or modify the sentence, except as otherwise provided by statute . . ." (Emphasis added.)

Section 46-18-203, MCA, is a specific procedural statute granting judges, magistrates, or justices of the peace authority to revoke a suspended sentence or impose sentence following a deferred imposition of sentence. Section 46-18-203, MCA, provides:

> "Revocation of suspended or deferred sentence. A judge, magistrate, or justice of the peace who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under 46-18-201 or his successor is authorized, during the period of the suspended sentence or deferred imposition of sentence, in his discretion, to revoke the suspension or impose sentence and order the person committed. He may also, in his discretion, order the prisoner placed under the jurisdiction of the board of pardons as provided by law or retain such jurisdiction with his court. Prior to the revocation of an order suspending or deferring the imposition of sentence, the person affected shall be given a hearing." (Emphasis added.)

This authority must be exercised in accordance with the precise provisions of this section; action by a judge, magistrate, or justice of the peace outside the provisions of Section 46-18-203, MCA, is without jurisdiction. State v. Porter, supra.

The controlling language in Section 46-18-203, MCA, is ". . . during the period of such suspended sentence or deferred imposition of sentence. . ." Determining the meaning of this phrase disposes of this petition.

It is well settled that if a ". . . statute is plain,

-3-

unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe." Shannon v. Keller (1980), ____ Mont. ____, 612 P.2d 1293, 1294, 37 St. Rep. 1079, 1081. Such is the case before this Court. The words "during the period" are extremely plain and unambiguous. The clear import is that a court is vested with jurisdiction to revoke a suspended or deferred sentence only during the running of the suspended or deferred sentence. Once such time has expired a court is without jurisdiction to decide petitions for revocation filed by the State.

The State requests this Court to construe Section 46-18-203, MCA, to mean that a timely filed petition for revocation vests jurisdiction in the Court, regardless whether the hearing on such petition is held after the suspended or deferred sentence has expired. The State relies on decisions from Nevada and Oklahoma in support of this contention. See Sherman v. Warden, Nevada State Prison (1978), ____ Nev. ____, 581 P.2d 1278; Degraffenreid v. State (1979), ____ Ok.Cr. ____, 599 P.2d 1107.

These authorities are not in point. Nevada and Oklahoma have statutory provisions which vest jurisdiction in the courts for purposes of revocation of suspended or deferred sentences upon the filing of a petition for revocation. Therefore a timely filed petition of revocation in these states vests jurisdiction in courts when the time of the suspended or deferred sentence has run.

Montana's statute pertaining to revocations of suspended or deferred sentences, Section 46-18-203, MCA, contains no language stating that a timely filed petition for revocation invokes a court's jurisdiction over these matters. It is axiomatic that this Court cannot insert what the legislature

has not statutorily included. Section 1-2-101, MCA.

In conclusion, we hold that Section 46-18-203, MCA, grants jurisdiction to judges, magistrates, or justices of the peace to revoke suspended sentences or impose sentences following deferred sentences only during the period of the suspended or deferred sentences. This jurisdiction extends only through the running of the suspended or deferred sentence, regardless of whether a petition for revocation has been filed prior to the termination of the suspended or deferred sentence.

Therefore, petitioner's request for a Writ of Habeas Corpus is granted. It is hereby ordered that such writ issue immediately and that petitioner be discharged from the custody of the Swan River Youth Forest Camp.

_____
Justice

We concur:

_____
Chief Justice

-5-