No. 94-199

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

WAYNE THOMAS WAGNER,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

FILED

FEB 15 1995

Ed S....
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and for the County of Lincoln,
                The Honorable Robert S. Keller, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Wayne Thomas Wagner, Littleton, Colorado (pro se)

        For Respondent:

        Scott B. Spencer, Lincoln County Attorney, Libby,
        Montana; Hon. Joseph P. Mazurek, Attorney General,
        John Paulson, Assistant Attorney General, Helena,
        Montana

                        Submitted on Briefs:   November 17, 1994

                                   Decided:    February 15, 1995

Filed:

_____
                Clerk

Justice James C. Nelson delivered the Opinion of the Court

Appellant, Wayne Thomas Wagner, filed a petition for post-conviction relief in the Nineteenth Judicial District Court, Lincoln County. Wagner appeals from the District Court's dismissal of his petition. We affirm.

The issue on appeal is whether the District Court erred in dismissing Wagner's petition for post-conviction relief.

On August 17, 1988, United States Forest Service officials were conducting a surveillance of property which was being used for the cultivation of marijuana. As the United States Forest Service officials were observing the property, Wagner drove towards the marijuana field on a motorcycle, carrying a duffle bag. After following him to an illegal camp on forest service property, the officials approached Wagner who immediately fled from the camp. Wagner left behind a duffle bag and two baggies containing marijuana.

The camp was searched pursuant to a search warrant, further evidence was seized, and the Lincoln County Justice Court issued an arrest warrant for Wagner. Wagner was served with the arrest warrant on August 26, 1988. On September 6, 1988, Wagner pled guilty to the charge of criminal possession with intent to sell. Wagner was sentenced on September 29, 1988.

On September 27, 1993, Wagner filed a petition for post-conviction relief with the District Court, alleging that the District Court lacked subject matter jurisdiction over the criminal possession charge and that his trial counsel had been ineffective

2

for failing to raise the jurisdiction defense. After considering the parties' briefs, the District Court issued an order dismissing the petition on April 7, 1994, for failure to state a claim for relief. Wagner appeals from this order.

## STANDARD OF REVIEW

The facts underlying Wagner's conviction and petition for post-conviction relief are not in dispute. Rather, Wagner argues the District Court erred in its legal conclusion when it determined that the State had subject matter jurisdiction. In reviewing a district court's denial of post-conviction relief, we will not overturn the court's legal conclusions if the tribunal's interpretation of the law is correct. Eiler v. State (1992), 254 Mont. 39, 42, 833 P.2d 1124, 1126.

## DISCUSSION

Wagner argues that the State lacked jurisdiction to prosecute the offense committed within the boundaries of the Kootenai National Forest. Wagner contends that the United States government has exclusive jurisdiction over the Kootenai National Forest absent consent or cession of jurisdiction to the State of Montana.

To determine whether the District Court was correct in concluding that the State court has jurisdiction within the Kootenai National Forest, we must examine the federal government's power under the Property Clause of the United States Constitution, Article IV, Section 3, clause 2. The Property Clause provides that "Congress shall have Power to dispose of and make all needful Rules

and Regulations respecting the Territory or other Property belonging to the United States . . . ."

In Kleppe v. New Mexico (1976), 426 U.S. 529, 96 S.Ct. 2285, 49 L.Ed.2d 34, the United States Supreme Court addressed the federal government's jurisdictional power under the Property Clause. The Court observed that states are free to enforce their criminal and civil laws on federal land so long as these laws do not conflict with federal legislation passed pursuant to the Property Clause. The United States Supreme Court stated:

> Absent consent or cession a State undoubtedly retains jurisdiction over federal lands within its territory, but Congress equally surely retains the power to enact legislation respecting those lands pursuant to the Property Clause. And when Congress so acts, the federal legislation necessarily overrides conflicting state laws under the Supremacy Clause. U.S. Const., Art. VI, cl. 2. (Citations omitted.)

Kleppe 426 U.S. at 543, 96 S.Ct. at 2293, 49 L.Ed.2d at 45.

In California Coastal Com'n v. Granite Rock Co. (1987), 480 U.S. 572, 582, 107 S.Ct. 1419, 1425, 94 L.Ed.2d 577, 591, the United States Supreme Court reaffirmed its holding in Kleppe that the states may exercise criminal and civil jurisdiction on federal lands so long as the laws do not conflict with federal law. The United States Supreme Court added, "[t]he Property Clause itself does not automatically conflict with all state regulation of federal land." California Coastal Com'n, 480 U.S. at 582, 107 S.Ct. at 1425, 94 L.Ed.2d at 591.

Accordingly, we must address two questions: (1) whether the State of Montana consented or ceded exclusive jurisdiction to the United States over lands within the Kootenai National Forest; and

4

(2) whether the federal government has enacted legislation which has pre-empted state law regarding drug related crimes occurring on national forests.

The federal government can acquire exclusive jurisdiction over state land in any one of three ways: (1) excepting the place from the jurisdiction of the state upon the state's admission into the Union; (2) by a cession of jurisdiction to the United States by a state after statehood; or (3) by federal purchase of land with state consent, pursuant to Article I, Section 8, clause 17 of the United States Constitution. Fort Leavenworth R.R. Co. v. Lowe (1885), 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264; State v. Cline (Okl.Cr. 1958), 322 P.2d 208, 212; State v. Vaughn (Ariz.App. 1989), 786 P.2d 1051, 1054.

The Organic Act of the Territory of Montana, 13 Stat. 85, established a temporary government for the territory of Montana. While the Organic Act excepted certain Indian lands from territorial jurisdiction, no special jurisdictional provision was made for public lands within the territory. In 1889, the Enabling Act provided for the establishment of the State of Montana. 25 Stat. 676. Section 4, of the Enabling Act disclaimed on behalf of the people of the proposed state "all right and title" to the unappropriated public lands lying within the boundaries of the proposed state. However, the Enabling Act did not consent or cede exclusive jurisdiction to the United States over the public lands.

The President of the United States was empowered to create forest reserves under the provisions of Ch. 561, Sec. 24, 26 Stat.

5

**1103** (repealed by 16 U.S.C.A. § 471 (1976)). President Theodore Roosevelt established the Kootenai National Forest by presidential proclamation issued on August 13, 1906. 34 Stat. 3225. However, the proclamation did not expressly reserve exclusive federal jurisdiction.

The foregoing demonstrates that the Unites States government did not specifically reserve exclusive federal jurisdiction. Finally, we note that pursuant to 16 U.S.C. § **480,** the states retain criminal and civil jurisdiction over national forest land. See also, United States v. County of Fresno (1977), 429 U.S. 452, **455,** 97 S.Ct. 699, 701, 50 L.Ed.2d 683, 687; United States v. **State** of California (9th Cir. 1980), 655 F.2d 914, 919.

Next we address whether federal legislation has pre-empted Montana from prosecuting drug crimes on federal lands. Because of the Supremacy Clause of the United States Constitution, Article VI, clause 2, federal legislation necessarily overrides conflicting state laws. Kleppe, 426 U.S. at 543, 96 S.Ct. at 2293, 49 L.Ed.2d **at 45.** The federal government has passed extensive legislation regarding drug crimes. See e.g., **21** U.S.C. § 801 et. seq., Comprehensive Drug Abuse Prevention and Control Act of 1970; 16 U.S.C. § 559b et. seq., National Forest System Drug Control Act of 1986. However, 21 U.S.C. § 903 expressly provides:

> No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including **criminal** penalties, to the exclusion of any **State** law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of

this subchapter and that State law so that the two cannot consistently stand together.

Section 45-g-103, MCA, governs the offense of criminal possession with the intent to sell. This section in no way conflicts with the statutes concerning drug abuse which are contained in the federal code, including the statute which makes it unlawful for any person to knowingly or intentionally distribute or possess a controlled substance with the intent to distribute. 21 U.S.C. § 841. Therefore, concurrent viability of both statutes is possible. Accordingly, we conclude that the federal legislation has not pre-empted Montana's jurisdiction in this case.

Finally, we note that other courts which have examined this issue have found state courts retain criminal jurisdiction over offenses committed on national forest property. See e.g., Hankins v. State (Mo.App. 1989), 766 S.W.2d 467 (Missouri Court of Appeals had jurisdiction over homicide occurring in Mark Twain National Forest). In a case factually similar, the Arizona Court of Appeals concluded that the state court had jurisdiction over drug violations occurring in the Tonto National Forest. State v. Quick (Ariz.App. 1991), 806 P.2d 907.

In the instant case, the District Court relied on Klewwe, and California Coastal Comm'n, to reach its conclusion that the State of Montana had subject matter jurisdiction under the facts and circumstances presented here. Accordingly, the court concluded that Wagner's counsel was not ineffective for failing to raise the claim of lack of subject matter jurisdiction. We agree. We hold that the District Court's interpretation of the law was correct,

7

and that it properly dismissed Wagner's petition for post-conviction relief

AFFIRMED.

_____
Justice

We Concur:

_____
Karla M. Gray

_____
William E. Hunt

_____
Terry Trieweiler

_____
Justices

February 15, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Wayne Thomas Wagner
Reg. No. 02632-046
Upper West Unit
9595 West Quincy Avenue
Littleton CO 80123

Scott B. Spencer
County Attorney
5 12 California Avenue
Libby MT 59923

JOSEPH P. MAZUREK
Attorney General
Justice Building
215 N. Sanders
Helena MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy