No. 95-241

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

BRET CHRISTOFFERSON,

     Petitioner and Appellant,

v.

STATE OF MONTANA,

     Respondent and Respondent.

FILED

AUG 29 1995

Ed Smith
CLERK OF SUPREME COURT
MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Liberty,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Bret Christofferson, Pro Se, Deer Lodge, Montana

     For Respondent:

          Honorable Joseph P. Mazurek, Attorney General;
Patricia Jordan, Assistant Attorney General,
Helena, Montana

          Merle Raph, Special Deputy Liberty County Attorney,
Shelby, Montana

Submitted on Briefs:  August 4, 1995

Decided:  August 29, 1995

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Bret Christofferson appeals from an order of the Twelfth Judicial District Court, Liberty County, denying his petition for post-conviction relief. We affirm.

In the absence of a statement of the issue by Christofferson, we state the issue as whether the District Court erred in denying the petition for post-conviction relief.

In January 1992, Christofferson was adjudged guilty of burglary, based upon a plea bargain. He was sentenced to ten years' imprisonment, with five years suspended. The court set forth ten terms and conditions of probation for the period of suspension.

Christofferson began serving his prison sentence on January 22, 1992, and was paroled on April 8, 1993. In December 1993, the State of Montana petitioned for revocation of Christofferson's suspended sentence because he had violated terms and conditions of the January 1992 judgment. After a hearing, the District Court revoked the suspended portion of Christofferson's sentence and ordered that he shall serve the remaining portion of his ten-year sentence at the Montana State Prison, with credit given for time expired on the sentence.

Christofferson was returned to Montana State Prison. There, the Board of Pardons notified him that it had revoked his remaining parole time on the non-suspended portion of his sentence. Christofferson wrote to the District Court in protest, arguing that he is being subjected to double jeopardy.

2

Construing Christofferson's letter in a manner in which relief could possibly be granted at that stage of the proceedings, the District Court considered the letter as a petition for post-conviction relief. It asked for a response from the State of Montana. The court subsequently ruled that it did not constitute double jeopardy for it to revoke the suspended part of Christofferson's sentence and for the Board of Pardons to revoke his parole on the non-suspended portion of the sentence. Christofferson appeals.

Did the District Court err in denying the petition for post-conviction relief?

The facts underlying Christofferson's petition for post-conviction relief are not in dispute. In reviewing a district court's denial of post-conviction relief, we will not overturn the court's legal conclusions if the court's interpretation of the law is correct. Wagner v. State (Mont. 1995), 889 P.2d 1189, 1190, 52 St.Rep. 61, 61.

Christofferson's argument is based on his perception that, at the revocation hearing, the District Court determined that he had already finished the non-suspended portion of his sentence and that the court then gave him credit for it. While that perception may be valid, at least in part, Christofferson's conclusion is not valid.

In ruling on the petition for post-conviction relief, the District Court stated:

> At the revocation hearing there may have been some confusion because there was no record of whether the

3

first, non-suspended portion of the sentence had been discharged because of a grant of good time credit.

The court went on to describe why the apparent confusion had no effect:

> However, it is clear from the order of February 18, 1994, and it was the intention of the court that the suspended portion of the sentence was revoked.

The revocation order clearly states:

> [T]he suspended portion of the sentence is revoked and that the Defendant shall serve the remaining portion of his 10 year sentence at the Montana State Prison, with credit given for time expired on such sentence.

Under Montana law, the District Court did not have power to release Christofferson from parole.

> When a prisoner on parole or conditional release has performed the obligations of his release, the board shall make a final order or discharge and issue a certificate of discharge to the prisoner.

Section 46-23-216(2), MCA. It was up to the Board of Pardons, not the District Court, to determine when the parole time had been completed on the non-suspended portion of Christofferson's sentence. Nothing in the record indicates that the Board of Pardons determined that Christofferson had met the obligations of his release on that portion of his sentence.

We further note that orders of the Board of Pardons are not reviewable. Section 46-23-107, MCA. The decision of the Board of Pardons is therefore not subject to consideration in this action for post-conviction relief, at either the District Court level or by this Court.

The action taken by the District Court at the revocation hearing, however, is supported by Montana case law. This Court has

4

held that a suspension of sentence may be revoked for acts of a probationer after sentence is imposed but before the probationer actually begins serving the suspended sentence. State v. Sullivan (1982), 197 Mont. 395, 642 P.2d 1008. Therefore, we conclude that the District Court had the power to revoke Christofferson's suspended sentence even if he was still serving the non-suspended part of his sentence.

We conclude that any misunderstanding at the revocation hearing regarding the expiration of the non-suspended portion of Christofferson's sentence was irrelevant, because the District Court did not have the authority to make decisions regarding Christofferson's parole. Because the District Court was within its authority in revoking the suspended portion of the sentence, we hold that it did not err in denying the petition for post-conviction relief.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5