IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 99-608
2002 MT 347A

FILED

FEB 1 1 2003

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

STATE OF MONTANA,

    Plaintiff and Respondent,

    v.

SANDRA WHITE SHOOK,

    Defendant and Appellant.

)
)
)
)
)    ORDER
)
)
)
)

Before this Court is Sandra Shook's Petition for Rehearing. We find no grounds under Rule 34, M.R.App.P., for granting the rehearing. However, in its response to the petition, the State raised an issue regarding our Opinion in *State v. Shook*, 2002 MT 347, 313 Mont. 347, ___ P.3d ___, which we address here. The last sentence of ¶ 28 in *Shook* reads: "Therefore, in the case of the Flathead Reservation, the regulation at issue here is specifically required by that agreement." The State asserts that this statement is error. The State also points out that the statement is dictum.

We agree that the statement is dictum. However, we do not agree that the statement is error. This statement was made based on the briefing by the State and the Confederated Salish & Kootenai Tribes (the Tribes) and based on the opinion issued in federal district court in *Confederated Salish & Kootenai Tribes v. State* (D.Mont. 1990), 750 F.Supp. 446, 447.

First, in the federal litigation, the court clearly stated that the Tribes were contesting

jurisdiction over all hunting and fishing on the reservation. The opinion states:

> Plaintiff [the Tribes] filed this suit seeking declaratory judgment that the State of Montana (State) has no authority to regulate hunting and fishing on the Flathead Indian Reservation (Reservation), and that regulation of hunting and fishing within the exterior boundaries of the Reservation is exclusively vested in the Confederated Salish and Kootenai Tribes of the Flathead Indian Reservation (Tribes or Indians). *The Tribes also seek a permanent injunction prohibiting the State from enforcing its hunting and fishing regulations on the Reservation.* [Emphasis added.]

Further, as the State and the Tribes agree, that litigation is stayed pending the duration of the settlement agreement between the State and the Tribes. *See* Order, CV 90-49-M-CCL (May 8, 1991). Finally, the State stated in its briefing in *Shook* that the issues involved in the federal case were "settled by a bird hunting and fishing agreement, and by a continuation of this prior regulation prohibiting nonmembers from big game hunting there." Therefore, the last sentence of ¶ 28 quoted above merely refers to the State's representation that were the State to discontinue the prohibition on the Flathead Reservation against big game hunting by non-tribal members, the federal stay would no longer be in effect.

However, because the last sentence of ¶ 28 is dictum and is not intended to bind any future interpretations regarding the issue of jurisdiction over hunting and fishing on the Flathead Reservation, we hereby amend the *Shook* Opinion to delete the last sentence from ¶ 28 in its entirety. Accordingly,

IT IS ORDERED that the last sentence of ¶ 28 of *State v. Shook*, 2002 Mont. 347, 313 Mont. 347, ___ P.2d ___, is deleted in its entirety.

IT IS FURTHER ORDERED that Appellant's Petition for Rehearing filed with this Court is DENIED.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order to all recipients of our Opinion in *State v. Shook*, 2002 Mont. 347, 313 Mont. 347, ___ P.3d ___.

DATED this 11th day of February, 2003.

_____
Chief Justice

_____

_____

_____
Justices

Justice Terry N. Trieweiler would deny the Petition for Rehearing without revising the Court's Opinion.

DATED this 11th day of February 2003.

_____
Justice