No. 02-339

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 140

STATE OF MONTANA,

             Plaintiff and Respondent,

    v.

STEVEN WILLIAM ELY,

             Defendant and Appellant.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                       In and for the County of Lake, Cause No. DC 2001-56
                       The Honorable Deborah Kim Christopher, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Kristina Guest, Appellate Defender Office, Helena, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; John Paulson,
                Assistant Attorney General, Helena, Montana

                Robert J. Long, Lake County Attorney, Polson, Montana


                                 Submitted on Briefs:  May 1, 2003

                                         Decided:  May 13, 2003

Filed:

                                   _____
                                             Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Steven William Ely (Ely) appeals from the judgment entered by the Twentieth Judicial District Court, Lake County, on the jury verdict finding him guilty of felony criminal possession of dangerous drugs. We affirm.

¶2     The issue on appeal is whether the District Court abused its discretion in admitting testimony regarding Ely's refusal to provide a urine sample voluntarily.

BACKGROUND

¶3     On February 15, 2001, Lake County Sheriff's Office Detective Andrew Cannon (Cannon), along with several sheriff's deputies, executed a search--pursuant to a warrant--of the trailer house in which Ely lived. During the search, Cannon discovered a metal cigar tube containing a white powdery substance believed--and later established--to be methamphetamine. Ely arrived at the trailer during the search and was arrested. The following day, Cannon requested Ely voluntarily provide a urine sample for testing. Ely refused. Cannon then obtained a search warrant, acquired the urine sample from Ely and sent it to the Montana State Crime Laboratory. The urine sample tested positive for methamphetamine.

¶4     The State of Montana (State) subsequently charged Ely by information with the offenses of felony criminal possession of dangerous drugs and misdemeanor criminal possession of drug paraphernalia. The misdemeanor offense was dismissed prior to trial.

2

¶5    A jury trial was held on January 22, 2002.  At trial, the State called Cannon as a witness. During direct examination, Cannon testified regarding the facts that Ely had refused to provide the urine sample voluntarily and Cannon was required to obtain a search warrant to acquire it.  Ely objected to the admission of this testimony, the District Court overruled the objection, and the jury ultimately found Ely guilty of criminal possession of dangerous drugs.  The court sentenced Ely and entered judgment on the conviction and sentence.  Ely appeals.

## STANDARD OF REVIEW

¶6    The determination of whether evidence is relevant and admissible is within the sound discretion of the trial court and we will not overturn that decision absent a showing of abuse of discretion.  State v. Rodarte, 2002 MT 317, ¶ 9, 313 Mont. 131, ¶ 9, 60 P.3d 983, ¶ 9.

## DISCUSSION

¶7    Did the District Court abuse its discretion in admitting testimony regarding Ely's refusal to provide a urine sample voluntarily?

¶8    Ely argues that the District Court abused its discretion in allowing Cannon to testify regarding his refusal to provide a voluntary urine sample.  He asserts that the acquisition of a urine sample constitutes a search and that both the Montana and United States Constitutions guarantee him the right to refuse to consent to that search.  He further asserts that it is impermissible for the State to use the fact that he exercised his constitutional right to refuse to consent to a search as evidence at trial to establish his guilt.  In response, the

State argues that Ely is barred from raising these theories because they are not the basis on which he objected to the testimony at trial.

¶9 It is well-established that an appellant may not change legal theories on appeal or raise issues which were not raised in the trial court. See, e.g., State v. Hoffman, 2003 MT 26, ¶ 44, 314 Mont. 155, ¶ 44, 64 P.3d 1014, ¶ 44; State v. Courville, 2002 MT 330, ¶ 5, 313 Mont. 218, ¶ 5, 61 P.3d 749, ¶ 5; State v. Stewart, 2000 MT 379, ¶ 30, 303 Mont. 507, ¶ 30, 16 P.3d 391, ¶ 30; State v. Chesarek, 1998 MT 15, ¶ 14, 287 Mont. 215, ¶ 14, 953 P.2d 698, ¶ 14. The rationale for this rule is that it is unfair to fault the trial court on an issue it was never given the opportunity to address. Courville, ¶ 5.

¶10 At trial, Ely objected to Cannon's testimony on the basis that its probative value would be outweighed by its prejudicial effect. Ely's counsel also made a brief reference to Ely's right to refuse to voluntarily provide potentially incriminating evidence. Ely's counsel did not refer, however, to Ely's constitutional right to refuse consent to a warrantless search; nor did he argue that admission of the testimony would impermissibly penalize Ely for having asserted a constitutional right.

¶11 On this record, we conclude that Ely's objection to admission of Cannon's testimony at trial was premised on different bases than he now asserts on appeal and, as a result, Ely has changed his legal theory and argument on appeal. Consequently, we decline to address this new theory.

4

¶12    Ely having abandoned on appeal the objections made at trial, we hold he has failed to establish that the District Court abused its discretion in admitting testimony regarding his refusal to provide a urine sample voluntarily.

¶13    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE

5

¶14 Justice Patricia O. Cotter dissents.

¶15 At ¶ 10, the Court faults Ely's counsel for failing to refer " . . . to Ely's constitutional right to refuse consent to a warrantless search." In my view, Ely's counsel made reference to Ely's constitutional rights, although not in the precise language the Court would like. Specifically, Ely's counsel asked the court for a short recess when he knew Officer Cannon was about to testify that Ely refused to voluntarily give a urine sample. While out of the presence of the jury, Ely's counsel stated: "I don't believe the State has authority over a refusal by the defendant, especially a custodial defendant, to give voluntarily what is potentially incriminatory evidence." Later in the colloquy with the court, he said: "The defendant has a right to not voluntarily offer urine samples or blood samples or any other type of bodily sample." Thus, twice, Ely's counsel, while perhaps unartfully, made reference to the defendant's right to refuse to voluntarily give up his bodily fluids to a police officer on his request. Granted, the defendant's attorney did not speak in the specific terms of Ely's "right to refuse consent to a warrantless search," but his objection was, in my judgment, specific enough to raise the issue.

¶16 Second, the Court says that Ely's counsel failed to argue that admission of the testimony would impermissibly penalize Ely for having asserted a constitutional right. *Ely*, ¶ 10. While again, I agree that he did not specifically state that ". . . the testimony would impermissibly penalize Ely . . ." the potential prejudicial impact of the testimony was the whole basis for his objection and the record he made. He clearly argued prejudice, which is surely akin to "penalize."

6

¶17    Counsel for the defendant may not have stated his objections as succinctly as the Court would like, but in my view, there is no question that he preserved his objection adequately for review on appeal.  I think we have far too finely parsed the language of Ely's objection, which does not bode well for the competent but less articulate among us.

¶18    I would not find that Ely changed his legal theory and argument on appeal.  I would address Ely's objection on the merits, and I would conclude that the District Court, having been forewarned of the State's intention to introduce evidence of Ely's refusal to voluntarily give a urine sample, and allowing it anyway over the objection of the defendant, abused its discretion.  I would therefore reverse.  I dissent from our refusal to do so.

/S/ PATRICIA COTTER