DA 06-0262

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 16

STATE OF MONTANA,

　　　　Plaintiff and Appellee,

v.

JOSEPH CURTIS MORRISON,

　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DC-2004-14
Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　William F. Hooks, Attorney at Law, Helena, Montana

　　　　For Appellee:

　　　　Honorable Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

　　　　Michael B. Hayworth, County Attorney, Forsyth, Montana

Submitted on Briefs:　June 6, 2007

Decided:　January 22, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Appellant Joseph Curtis Morrison (Morrison) appeals from the order of the Sixteenth Judicial District Court, Rosebud County, revoking his suspended sentence. We affirm.

¶2    We address the following issue:

¶3    Did the District Court have jurisdiction to consider and grant the State's petition to revoke Morrison's five-year suspended sentence prior to Morrison beginning to serve the five-year suspended sentence?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    On January 10, 2005, Morrison entered a plea agreement whereby he pled guilty to driving under the influence of alcohol, his fourth or subsequent offense, a felony, in violation of § 61-8-401, MCA. The District Court sentenced Morrison to the Montana Department of Corrections (DOC) for thirteen months followed by a consecutive, suspended sentence to the Montana State Prison (MSP) for five years with conditions. As a part of Morrison's thirte-month sentence he was to be "screened for placement at the Warm Springs Addictions Treatment & Change Program 'WATCh' by the Department of Corrections" and upon successful completion of WATCh, or a chemical dependency treatment program determined by the DOC, the remainder of his thirteen-month sentence was to be suspended.

¶5    On August 19, 2005, Morrison filed a pro se motion for an order suspending the balance of his thirteen-month sentence because he had completed an Intensive Treatment Program Unit (ITU). The State initially opposed the motion because the ITU program is

2

not as intensive as the WATCh program. However, the parties eventually stipulated that Morrison had successfully completed a qualifying chemical dependency treatment program. As a result, the remaining seven months of Morrison's thirteen-month incarceration were suspended, and he was released from MSP. As a condition of his release, Morrison was instructed to "[r]eport in person to John Uden, Miles City Probation and Parole, on November 14, 2005." Morrison did not contact Officer Uden. On December 5, 2005, the County Attorney filed a petition to revoke Morrison's suspended sentence on the basis of his failure to satisfy the "reporting" condition of his suspended sentence.

¶6      At the revocation hearing, Morrison moved to dismiss the petition, contending that, pursuant to § 67-8-731, MCA, the remainder of the thirteen-month sentence was not a "suspended sentence" but rather a probationary period that could not be revoked by filing a petition to revoke a suspended sentence.[1] Morrison also argued that the petition to revoke was untimely filed pursuant to § 46-18-203, MCA, because in order to revoke the five-year suspended sentence the petition must be "filed during the period of suspension." In sum, Morrison contended that the court should dismiss the State's petition as erroneously filed.

¶7      In defense of its petition, the State clarified that it sought to revoke only the five-year suspended sentence and not the remainder of the thirteen-month sentence. The State also argued that the thirteen-month sentence and the five-year suspended sentence "stacked" together, allowing for revocation of the five-year suspended sentence based on

---

[1]Morrison has not renewed this argument on appeal.

a violation occurring while Morrison served the remainder of his thirteen-month sentence on probation. The District Court agreed with the State. First, the court concluded that there was no difference between a probationary period and a suspended sentence and, consequently, the remainder of the thirteen-month sentence was a "suspended sentence" that could be revoked. Morrison has not challenged this conclusion on appeal. Second, the court concluded that the thirteen-month and five-year suspended sentences "stacked," such that the court could properly hear the petition to revoke the five-year suspended sentence based on a violation occurring during the thirteen-month sentence. Accordingly, the court denied Morrison's motion to dismiss the petition.

¶8     At the conclusion of the hearing, the court determined that Morrison had "violated the condition of probation and suspended sentences" for "both the 13-month and the five-year" sentences. Subsequently, the court revoked both the remainder of Morrison's thirteen-month sentence and his five-year sentence, committing him to the DOC for "five years and one month[.]" Morrison appeals the revocation of his five-year suspended sentence.

### STANDARD OF REVIEW

¶9     We review a district court's decision to revoke a defendant's suspended sentence to determine if there was an abuse of discretion. *State v. Osborne*, 2007 MT 217, ¶ 8, 339 Mont. 45, ¶ 8, 167 P.3d 405, ¶ 8. Where the issue is whether the court had authority to take a specific action, the question is one of law, and our review is plenary. *State v. Richardson*, 2000 MT 72, ¶ 8, 299 Mont. 102, ¶ 8, 997 P.2d 786, ¶ 8.

4

¶10 As a preliminary matter, we address Morrison's argument that the State has raised a new theory on appeal and that "[f]or this reason alone, the Court should reject the [State's] argument." We deem issues which are presented for the first time on appeal to be untimely and will not consider them. *State v. Adgerson*, 2003 MT 284, ¶ 12, 318 Mont. 22, ¶ 12, 78 P.3d 850, ¶ 12. "A party may not raise new arguments or change its legal theory on appeal because it is fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the opportunity to consider." *Adgerson*, ¶ 12.

¶11 The State argues on appeal that "Morrison was serving a single sentence for a single offense, which became an entirely suspended sentence when Morrison was placed on probation." The State contends that the "suspended terms have to merge" in order to encourage rehabilitation and avoid the absurd result of permitting a "probationer to violate at the end of the 13-month DOC commitment without risking possible revocation of the remaining five-year (or less) suspended sentence." Morrison replies that the State's argument that the suspended sentences "merge" into a "single sentence" is a new theory on appeal because at the revocation hearing the State argued that Morrison had two separate sentences, albeit "stacking" together. Essentially, Morrison's change in theory complaint stems from the State's assertion of "stacking" two sentences in the District Court versus the State's assertion of one "merged" sentence on appeal.

¶12 However, whether using the "stacked" or "merged" theory, the underlying premise of the State's argument is the same: that a violation occurring during the thirteen-month sentence provides a basis for revoking the five-year suspended sentence even though the

violation occurred prior to commencement of that part of the sentence. Accordingly, the difference between the "merge" and "stack" theories is de minimus and does not merit complete rejection of the State's argument on appeal. Moreover, whether we consider the thirteen-month sentence and five-year sentence as separate and consecutive or as a combined sentence, they arise out of the same sentencing order for the same underlying offense, and therefore, the jurisdictional issue Morrison raises on appeal remains and must be addressed.

¶13 **Did the District Court have jurisdiction to consider and grant the State's petition to revoke Morrison's five-year suspended sentence prior to Morrison beginning to serve the five-year suspended sentence?**

¶14 Morrison argues that the District Court did not have jurisdiction[2] to revoke his five-year suspended sentence prior to commencement of that portion of his sentence. Although acknowledging our holdings to the contrary in *State v. Sullivan*, 197 Mont. 395, 642 P.2d 1008 (1982), and *Matter of Ratzlaff,* 172 Mont. 439, 564 P.2d 1312 (1977), Morrison notes the language of § 46-18-203(2), MCA, referencing the filing of a revocation petition "during the period of suspension or deferral," and asserts that the 1983 amendment to this statute now prohibits a district court from revoking a suspended sentence unless the petition is filed after the period of suspension has begun. Morrison asserts that, as a result of the 1983 amendment, our prior decisions are no longer valid authority.

---

[2]While Morrison argues that the District Court was without jurisdiction to entertain the petition to revoke his sentence, we note that the court had personal jurisdiction over Morrison and had general subject matter jurisdiction over revocation petitions. Although § 46-18-203, MCA, uses the term "jurisdiction," Morrison's argument is more properly framed as a challenge to the court's statutory authority to revoke Morrison's sentence.

¶15    In *Sullivan*, the defendant's suspended sentence was revoked while he was on parole from his prison sentence and before he had begun serving the suspended portion of his sentence.  *Sullivan*, 197 Mont. at 399, 642 P.2d at 1010.  In approving of the prior revocation of Sullivan's suspended sentence, we relied on our previous decision in *Ratzlaff*, which we determined answered Sullivan's contention "in spirit if not factually[.]" *Sullivan*, 197 Mont. at 400, 642 P.2d at 1010.  In *Ratzlaff*, the defendant was sentenced to twenty-five years in MSP with ten years suspended.  Ratzlaff was released on parole after serving approximately three years in prison and subsequently violated the conditions of his release.  As a result, the district court revoked his ten-year suspended sentence for violations of both probationary and parole conditions, *Ratzlaff*, 172 Mont. at 441, 564 P.2d at 1313, and he petitioned this Court for post-conviction relief.  We denied the petition, and as we later explained in *Sullivan*, our decision in *Ratzlaff* was based on the "necessary implication that a suspended sentence may be revoked before the defendant actually begins serving probation." *Sullivan*, 197 Mont. at 400, 642 P.2d at 1010.  We further explained that:

> What comes out of these cases is the strong public policy that if a person convicted of a crime, and granted a period of probation as part of the sentence, should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation, the court has the power to revoke or change the order of probation both during the period of probation, and before the period of probation commences.

*Sullivan*, 197 Mont. at 401, 642 P.2d at 1011.

¶16    We reaffirmed *Sullivan* in *Christofferson v. State*, 272 Mont. 518, 901 P.2d 588 (1995).  There, the district court revoked the defendant's suspended sentence while he

7

was still on parole and prior to the beginning of his suspended sentence. We stated that "a suspension of sentence may be revoked for acts of a probationer after sentence is imposed but before the probationer actually begins serving the suspended sentence." *Christofferson*, 272 Mont. at 521, 901 P.2d at 589. Then, in *State v. Vallier*, 2000 MT 225, 301 Mont. 228, 8 P.3d 112, we extended the *Sullivan* holding to incarcerated persons, concluding that where an individual has not met the terms and conditions of his suspended sentence, such as completion of a sexual offender treatment program while incarcerated, the suspended sentence may be revoked, even before the individual actually begins serving the suspended sentence. *Vallier*, ¶¶ 9, 13.

¶17 Section 46-18-203, MCA, provides, in pertinent part:

(1) Upon the filling of a petition for revocation showing probable cause that the offender has violated any condition of a sentence or any condition of a deferred imposition of sentence the judge may issue an order for a hearing on revocation.

. . . .

(2) The petition for a revocation must be filed with the sentencing court during the period of suspension or deferral. Expiration of the period of suspension or deferral after the petition is filed does not deprive the court of its jurisdiction to rule on the petition.

Prior to 1983, the language in subsection (2) of § 46-18-203, MCA, did not exist as a separate subsection. Rather, § 46-18-203, MCA (1981), read in pertinent part that:

A judge, magistrate, or justice of the peace who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under 46-18-201 or his successor is authorized, *during the period of the suspended sentence or deferred imposition of sentence,* in his discretion, to revoke the suspension or impose sentence and order the person committed. [Emphasis added.]

8

The 1983 amendment deleted the above-emphasized language from this paragraph and placed similar language under the new subsection (2). Introduced as Senate Bill 409, the amendment was passed by the 1983 Session without contention. The bill was filed at the request of the Department of Justice and testimony from an Assistant Attorney General indicated that the amendment was a reaction to this Court's decision in *Felix v. Mohler*, 195 Mont. 391, 636 P.2d 830 (1981). In *Felix*, this Court, applying § 46-18-203, MCA (1981), held that a district court's jurisdiction to revoke a suspended sentence or a deferred sentence only extended "through the running of the suspended or deferred sentence, regardless of whether a petition for revocation [had] been filed prior to the termination of the suspended or deferred sentence." *Felix*, 195 Mont. at 394, 636 P.2d at 832. According to the testimony before the Senate Judiciary Committee, *Felix* effectively gave probationers serving a suspended or deferred sentence "a *carte blanche* to violate the conditions of their probation at any time during the final days of their probation because the court [would] be unable to hold a hearing on the petition" prior to expiration of the probation, "even if a petition to revoke [was] filed during the period of suspension or deferral." The addition of language within new subsection (2) of the statute addressed this problem by clarifying that the court could act upon a petition to revoke "even after the period of suspension or deferral [had] run . . . ." Thus, the 1983 amendment had no impact upon the prior decisions addressing a court's authority to revoke a suspended or deferred sentence upon a petition filed <u>prior</u> to the commencement of a suspended or deferred sentence, and decisions thereafter have continued to apply this

9

rule. Contrary to Morrison's contention, *Sullivan* and these other cases remain good law and support this interpretation of § 46-18-203(2), MCA.

¶18 Here, Morrison's five-year suspended sentence was revoked pursuant to a petition filed prior to commencement of that sentence and while he was still serving the remainder of his thirteen-month DUI sentence. Pursuant to § 46-18-203, MCA, and as explained in *Sullivan*, *Christofferson*, and *Vallier*, the District Court had authority to revoke Morrison's five-year suspended sentence prior to the start of that sentence when a petition for revocation asserting a violation of condition was filed. The State filed such a petition to revoke Morrison's five-year suspended sentence based on his failure to report to his supervising officer while completing his thirteen-month sentence on probation. The District Court held a revocation hearing, heard testimony from Officer Uden, as well as Morrison, and determined that Morrison understood the condition to report to Officer Uden but failed to do so. Morrison does not allege that this finding was an abuse of discretion or is unsupported by the evidence, only that the District Court lacked authority to revoke his suspended sentence. As explained herein, the District Court had such authority pursuant to § 46-18-203, MCA.

¶19 Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART

Justice James C. Nelson dissents.

¶20   I dissent from the Court's decision.  Morrison was originally sentenced on March 7, 2005, for felony DUI committed on or about February 19, 2004.  That being the case, the 2003 version of the code applies.  *State v. Oie*, 2007 MT 328, ¶ 10, 340 Mont. 205, ¶ 10, ___ P.3d ___, ¶ 10 (citing *State v. Muhammad*, 2002 MT 47, ¶ 24, 309 Mont. 1, ¶ 24, 43 P.3d 318, ¶ 24 ("the law in effect at the time of the crime controls as to the possible sentence.")).  As the Court points out at ¶ 4, as to Count I, the DUI count, the trial court imposed the following sentence:

> Defendant is committed to the Montana Department of Corrections for a term of thirteen (13) months, in addition to a consecutive, suspended commitment to Montana State Prison for a term of five (5) years.  The Defendant shall be screened for placement at the Warm Springs Addictions Treatment & Change Program "WATCh" by the Department of Corrections.  Upon successful completion of the "WATCh" program, or chemical dependancy [sic] treatment program placement determined by the Department of Corrections, the balance of the sentence is suspended.

¶21   Morrison was released from prison on November 10, 2005, to begin serving the probationary period *of his 13-month commitment to DOC*.  The State filed its petition to revoke on December 5, 2005.  Morrison's counsel moved to dismiss the petition on the basis that under §46-18-203, MCA—quoted by the Court at ¶ 17—the petition must be filed during the suspended portion of the sentence.  Morrison argued that he had not yet served his full 13-month sentence, and that sentence was not suspended.  Rather, he was still serving his probationary sentence.  In response, the prosecutor made clear that the State sought revocation of the five-year DOC sentence, not what was left of the 13-month sentence.  Specifically, the prosecutor stated:

2

[W]e're not asking for revocation of the 13 months. We're actually asking for revocation of the five-year DOC sentence. And as I recall the sentences, they stack. And when there is a violation during the first one, there is case law where you can revoke both the first and the second. We're really -- we're not messing around with the 13-month sentence. We're really just looking at the five years here.

¶22 The trial court denied Morrison's motion to dismiss, stating that it considered Morrison to be serving a suspended sentence, that the 13-month and five-year sentences "stack," "and that the State is not asking that the balance of the 13-month be suspended, but only the succeeding five-year sentence."

¶23 With that background, I first address the Court' determination at ¶¶ 10-12 that the State did not change its theory on appeal. I conclude that it did so. It was clear that at the District Court both the prosecutor and the trial judge considered the 13-month probationary sentence and the five-year DOC sentence to be separate—the second "stacked" upon the first.

¶24 On appeal, however, the State totally abandons the prosecutor's theory of separate sentences and, instead, advances the theory that Morrison was serving a single sentence, the suspended portion of which commenced when Morrison was placed on probation. According to the State—and without citation to any authority whatsoever—"Morrison was serving a single sentence for a single offense, which became an entirely suspended sentence when Morrison was placed on probation."[1]

---

[1] The State then goes on to solicitously argue that this sort of sentence was "ordained" by § 61-8-731(1)(a) and (b) "the purpose of which is to encourage treatment." The State plays fast and loose with this Court. The State argued quite the opposite in *State v. Damon*, 2005 MT 218, 328 Mont. 276, 119 P.3d 1194, when this argument was made by the defendant. *See* Appellant's opening brief, pp. 19-21, and the State's reply brief,

¶25 The Court glosses over this change in theory concluding that the prosecutor's theory in the trial court and the State's theory on appeal amount to the same argument. Opinion, ¶ 12. While that may be a convenient way to save the State's case, there is a very important difference in the two theories. Under the prosecutor's theory—that there are separate "stacked" sentences—the trial court would not have had authority to revoke Morrison's sentence because under § 46-18-203(2), MCA, the petition to revoke had to be filed "during the period of suspension." It is undisputed from the record before us that Morrison's five-year suspended sentence had not yet begun to run. He was still serving the probationary portion of his 13-month commitment. However, under the State's newly devised appeal theory, the 13-month probationary period and the five-year suspended sentence were not "stacked" but were simply one long sentence. With the result, of course, that the petition was filed "during" the suspended portion of the sentence in compliance with § 46-18-203(2), MCA.

¶26 I would not address the State's appeal argument for two reasons. First, as noted, the State changed its theory on appeal in violation of the very rule cited by the Court at ¶ 10, from *State v. Adgerson*, 2003 MT 284, ¶ 12, 318 Mont. 22, ¶ 12, 78 P.3d 850, ¶ 12, and the legion of cases that follow this rule. *See State v. Price*, 2007 MT 269, ¶ 14, 339 Mont. 399, ¶ 14, 171 P.3d 293, ¶ 14; *State v. Vaughn*, 2007 MT 164, ¶ 44, 338 Mont. 97, ¶ 44, 164 P.3d 873, ¶ 44, *cert. denied*, ___ U.S. ___, 128 S. Ct. 719 (2007); *State v. Malkuch*, 2007 MT 60, ¶ 17, 336 Mont. 219, ¶ 17, 154 P.3d 558, ¶ 17; *State v. Harlson*,

---

pp. 24-27, in Cause No. 04-294. More to the point, this Court rejected the now proffered "treatment" theory. *Damon*, ¶¶ 34-41; *Damon*, ¶¶ 65-88 (Nelson, J., dissenting).

2006 MT 312, ¶ 19, 335 Mont. 25, ¶ 19, 150 P.3d 349, ¶ 19; *State v. Buck*, 2006 MT 81, ¶ 109, 331 Mont. 517, ¶ 109, 134 P.3d 53, ¶ 109; *State v. Wetzel*, 2005 MT 154, ¶ 13, 327 Mont. 413, ¶ 13, 114 P.3d 269, ¶ 13; *State v. McCaslin*, 2004 MT 212, ¶ 49, 322 Mont. 350, ¶ 49, 96 P.3d 722, ¶ 49; *State v. Minez*, 2003 MT 344, ¶ 19, 318 Mont. 478, ¶ 19, 82 P.3d 1, ¶ 19; *State v. Ely*, 2003 MT 140, ¶ 9, 316 Mont. 169, ¶ 9, 69 P.3d 1189, ¶ 9; *State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, ¶ 17, 67 P.3d 207, ¶ 17; *State v. Shook*, 2002 MT 347, ¶ 19, 313 Mont. 347, ¶ 19, 67 P.3d 863, ¶ 19, *cert. denied*, 540 U.S. 815, 124 S. Ct. 67 (2003); *State v. Courville*, 2002 MT 330, ¶ 5, 313 Mont. 218, ¶ 5, 61 P.3d 749, ¶ 5. Second, the State cites no authority whatsoever for its newly created "one-sentence" theory. The State bears the burden of supporting with authority its arguments on appeal just as a defendant does. *State v. Anderson*, 1999 MT 60, ¶¶ 21, 25, 293 Mont. 490, ¶¶ 21, 25, 977 P.2d 983, ¶¶ 21, 25 (this Court declined to address the State's argument regarding a warrantless search because the State failed to cite to any legal authority in support of its argument). Our decision here effectively establishes a double standard for parties who change theories on appeal and who fail to cite authority for an appellate argument. A defendant gets hammered if he or she does it, but the State gets away with it.

¶27 Finally, I disagree with the Court's re-affirmance of *State v. Sullivan*, 197 Mont. 395, 642 P.2d 1008 (1982)*; Matter of Ratzlaff*, 172 Mont. 439, 564 P.2d 1312 (1977); *Christofferson v. State*, 272 Mont. 518, 901 P.2d 588 (1995); and *State v. Vallier,* 2000 MT 225, 301 Mont. 228, 8 P.3d 112.

¶28 Morrison correctly points out that *Ratzlaff* and *Sullivan* involved a different version of § 46-18-203, MCA, which stated, in relevant part, that the sentencing judge who had imposed the suspended sentence had the authority to revoke that suspension "during the period of the suspended sentence." In deciding *Sullivan,* this Court wrongly relied on *Ratzlaff* to hold that by necessary implication a suspended sentence may be revoked before the defendant actually begins serving probation. *Sullivan*, 197 Mont. at 400-01, 642 P.2d at 1010-11.

¶29 The same statutory language was at issue in *Felix v. Mohler,* 195 Mont. 391, 636 P.2d 830 (1981), which, however, presented a slightly different situation. In *Felix*, the petition was filed before the suspension ran out, but the hearing was not held during the period of suspension. *Felix*, 195 Mont. at 392, 636 P.2d at 831. In the case *sub judice*, the State argues that it was this case that prompted the Legislature to amend § 46-18-203, MCA, in 1983.

¶30 For whatever reason, the Legislature amended § 46-18-203, MCA, in 1983, and deleted the statutory requirement that the *hearing* be held during the period of the suspended sentence and, instead, inserted a new provision which required that the *petition to revoke be filed* during the period of suspended sentence. Morrison argues that a plain reading of this current statute requires that the petition be filed during the period of suspension. That is, of course, precisely what the statutory language mandates. Accordingly, Morrison contends that the former trilogy of cases—*Ratzlaff, Sullivan* and *Mohler*—is no longer valid interpretational authority for the current version of the statute. He is correct.

¶31    Furthermore, *Christofferson,* a *pro se* case decided in 1995 long after § 46-18-203, MCA, had been amended, uncritically relied on *Sullivan*. *Christofferson*, 272 Mont. at 521, 901 P.2d at 589.    And, in *Vallier*, the defendant, relying on *Sullivan* and *Christofferson*, conceded that the district court could revoke his suspended sentence before it actually began. *Vallier*, ¶ 9.  The interpretational issue here was neither raised nor addressed in either case.  Morrison does not make such a concession.  I conclude that we decided *Christofferson* and *Vallier* wrongly, and I would overrule both decisions.

¶32    For the foregoing reasons I dissent.

/S/ JAMES C. NELSON