JUSTICE NELSON
dissents.
¶20 I dissent from the Court’s decision. Morrison was originally sentenced on March 7, 2005, for felony DUI committed on or about February 19, 2004. That being the case, the 2003 version of the code applies. State v. Oie, 2007 MT 328, ¶ 10, 340 Mont. 205, ¶ 10, 174 P.3d 937, ¶ 10 (citing State v. Muhammad, 2002 MT 47, ¶ 24, 309 Mont. 1, ¶ 24, 43 P.3d 318, ¶ 24 (“the law in effect at the time of the crime controls as to the possible sentence.”)). As the Court points out at ¶ 4, as to Count I, the DUI count, the trial court imposed the following sentence:
Defendant is committed to the Montana Department of Corrections for a term of thirteen (13) months, in addition to a consecutive, suspended commitment to Montana State Prison for a term of five (5) years. The Defendant shall be screened for placement at the Warm Springs Addictions Treatment & Change Program ‘WATCh” by the Department of Corrections. Upon successful completion of the WATCh” program, or chemical dependancy [sic] treatment program placement determined by the Department of Corrections, the balance of the sentence is suspended.
¶21 Morrison was released from prison on November 10, 2005, to begin serving the probationary period of his 13-month commitment to DOC. The State filed its petition to revoke on December 5, 2005. Morrison’s counsel moved to dismiss the petition on the basis that tinder §46-18-203, MCA-quoted by the Court at ¶ 17-the petition must be filed during the suspended portion of the sentence. Morrison argued that he had not yet served his full 13-month sentence, and that sentence was not suspended. Rather, he was still serving his probationary sentence. In response, the prosecutor made clear that the State sought revocation of the five-year DOC sentence, not what was left of the 13-month sentence. Specifically, the prosecutor stated:
[W]e’re not asking for revocation of the 13 months. We're actually asking for revocation of the five-year DOC sentence. And as I recall the sentences, they stack. And when there is a violation during the first one, there is case law where you can revoke both the first and the second. We're really-we're not messing around *155 with the 13-month sentence. We're really just looking at the five years here.
¶22 The trial court denied Morrison’s motion to dismiss, stating that it considered Morrison to be serving a suspended sentence, that the 13-month and five-year sentences “stack,” “and that the State is not asking that the balance of the 13-month be suspended, but only the succeeding five-year sentence.”
¶23 With that background, I first address the Court’ determination at ¶¶ 10-12 that the State did not change its theory on appeal. I conclude that it did so. It was clear that at the District Court both the prosecutor and the trial judge considered the 13-month probationary sentence and the five-year DOC sentence to be separate-the second “stacked” upon the first.
¶24 On appeal, however, the State totally abandons the prosecutor’s theory of separate sentences and, instead, advances the theory that Morrison was serving a single sentence, the suspended portion of which commenced when Morrison was placed on probation. According to the State-and without citation to any authority whatsoever-“Morrison was serving a single sentence for a single offense, which became an entirely suspended sentence when Morrison was placed on probation.”[1]
¶25 The Court glosses over this change in theory concluding that the prosecutor’s theory in the trial court and the State’s theory on appeal amount to the same argument. Opinion, ¶ 12. While that may be a convenient way to save the State’s case, there is a very important difference in the two theories. Under the prosecutor’s theory-that there are separate “stacked” sentences-the trial court would not have had authority to revoke Morrison’s sentence because under § 46-18-203(2), MCA, the petition to revoke had to be filed “during the period of suspension.” It is undisputed from the record before us that Morrison’s five-year suspended sentence had not yet begun to run. He was still serving the probationary portion of his 13-month commitment. However, under the State’s newly devised appeal theory, the 13-month probationary period and the five-year suspended *156 sentence were not “stacked” but were simply one long sentence. With the result, of course, that the petition was filed “during” the suspended portion of the sentence in compliance with § 46-18-203(2), MCA.
¶26 I would not address the State’s appeal argument for two reasons. First, as noted, the State changed its theory on appeal in violation of the very rule cited by the Court at ¶ 10, from State v. Adgerson, 2003 MT 284, ¶ 12, 318 Mont. 22, ¶ 12, 78 P.3d 850, ¶ 12, and the legion of cases that follow this rule. See State v. Price, 2007 MT 269, ¶ 14, 339 Mont. 399, ¶ 14, 171 P.3d 293, ¶ 14; State v. Vaughn, 2007 MT 164, ¶ 44, 338 Mont. 97, ¶ 44, 164 P.3d 873, ¶ 44, cert. denied,_U.S._, 128 S. Ct. 719 (2007); State v. Malkuch, 2007 MT 60, ¶ 17, 336 Mont. 219, ¶ 17, 154 P.3d 558, ¶ 17; State v. Harlson, 2006 MT 312, ¶ 19, 335 Mont. 25, ¶ 19, 150 P.3d 349, ¶ 19; State v. Buck, 2006 MT 81, ¶ 109, 331 Mont. 517, ¶ 109, 134 P.3d 53, ¶ 109; State v. Wetzel, 2005 MT 154, ¶ 13, 327 Mont. 413, ¶ 13, 114 P.3d 269, ¶ 13; State v. McCaslin, 2004 MT 212, ¶ 49, 322 Mont. 350, ¶ 49, 96 P.3d 722, ¶ 49; State v. Minez, 2003 MT 344, ¶ 19, 318 Mont. 478, ¶ 19, 82 P.3d 1, ¶ 19; State v. Ely, 2003 MT 140, ¶ 9, 316 Mont. 169, ¶ 9, 69 P.3d 1189, ¶ 9; State v. Martinez, 2003 MT 65, ¶ 17, 314 Mont. 434, ¶ 17, 67 P.3d 207, ¶ 17; State v. Shook, 2002 MT 347, ¶ 19, 313 Mont. 347, ¶ 19, 67 P.3d 863, ¶ 19, cert. denied, 540 U.S. 815, 124 S. Ct. 67 (2003); State v. Courville, 2002 MT 330, ¶ 5, 313 Mont. 218, ¶ 5, 61 P.3d 749, ¶ 5. Second, the State cites no authority whatsoever for its newly created “one-sentence” theory. The State bears the burden of supporting with authority its arguments on appeal just as a defendant does. State v. Anderson, 1999 MT 60, ¶¶ 21, 25, 293 Mont. 490, ¶¶ 21, 25, 977 P.2d 983, ¶¶ 21, 25 (this Court declined to address the State’s argument regarding a warrantless search because the State failed to cite to any legal authority in support of its argument). Our decision here effectively establishes a double standard for parties who change theories on appeal and who fail to cite authority for an appellate argument. A defendant gets hammered if he or she does it, but the State gets away with it.
¶27 Finally, I disagree with the Court’s re-affirmance of State v. Sullivan, 197 Mont. 395, 642 P.2d 1008 (1982); Matter of Ratzlaff, 172 Mont. 439, 564 P.2d 1312 (1977); Christofferson v. State, 272 Mont. 518, 901 P.2d 588 (1995); and State v. Vallier, 2000 MT 225, 301 Mont. 228, 8 P.3d 112.
¶28 Morrison correctly points out that Ratzlaff and Sullivan involved a different version of § 46-18-203, MCA, which stated, in relevant part, that the sentencing judge who had imposed the suspended sentence *157 had the authority to revoke that suspension “during the period of the suspended sentence.” In deciding Sullivan, this Court wrongly relied on Ratzlaff to hold that by necessary implication a suspended sentence may be revoked before the defendant actually begins serving probation. Sullivan, 197 Mont. at 400-01, 642 P.2d at 1010-11.
¶29 The same statutory language was at issue in Felix v. Mohler, 195 Mont. 391, 636 P.2d 830 (1981), which, however, presented a slightly different situation. In Felix, the petition was filed before the suspension ran out, but the hearing was not held during the period of suspension. Felix, 195 Mont. at 392, 636 P.2d at 831. In the case sub judice, the State argues that it was this case that prompted the Legislature to amend § 46-18-203, MCA, in 1983.
¶30 For whatever reason, the Legislature amended § 46-18-203, MCA, in 1983, and deleted the statutory requirement that the hearing be held during the period of the suspended sentence and, instead, inserted a new provision which required that the petition to revoke be filed during the period of suspended sentence. Morrison argues that a plain reading of this current statute requires that the petition be filed during the period of suspension. That is, of course, precisely what the statutory language mandates. Accordingly, Morrison contends that the former trilogy of cases-Ratzlaff, Sullivan and Mohler-is no longer valid interpretational authority for the current version of the statute. He is correct.
¶31 Furthermore, Christofferson, a pro se case decided in 1995 long after § 46-18-203, MCA, had been amended, uncritically relied on Sullivan. Christofferson, 272 Mont. at 521, 901 P.2d at 589. And, in Vallier, the defendant, relying on Sullivan and Christofferson, conceded that the district court could revoke his suspended sentence before it actually began. Vallier, ¶ 9. The interpretational issue here was neither raised nor addressed in either case. Morrison does not make such a concession. I conclude that we decided Christofferson and Vallier wrongly, and I would overrule both decisions.
¶32 For the foregoing reasons I dissent.

 The State then goes on to solicitously argue that this sort of sentence was “ordained” by § 61-8-731(l)(a) and (b) “the purpose of which is to encourage treatment.” The State plays fast and loose with this Court. The State argued quite the opposite in State v. Damon, 2005 MT 218, 328 Mont. 276, 119 P.3d 1194, when this argument was made by the defendant. See Appellant’s opening brief, pp. 19-21, and the State’s reply brief pp. 24-27, in Cause No. 04-294. More to the point, this Court rejected the now proffered “treatment” theory. Damon, ¶¶ 34-41; Damon, §¶¶ 65-88 (Nelson, J., dissenting).