DA 06-0206

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 217

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

JAMES OSBORNE,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Twelfth Judicial District,
                      In and For the County of Chouteau, Cause No. DC-96-11
                      Honorable David Rice, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

        Meghan Lulf Sutton, Attorney at Law, Great Falls, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Carol E. Schmidt,
        Assistant Attorney General, Helena, Montana

        Steve Gannon, County Attorney, Fort Benton, Montana


               Submitted on Briefs:  March 14, 2007

                         Decided:  September 5, 2007

Filed:

_____
                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Defendant James Osborne (Osborne) appeals from the District Court's order revoking his suspended sentence for failure to complete sex offender treatment. We affirm.

¶2    We address the following issue:

¶3    Did the District Court abuse its discretion by revoking Osborne's suspended sentence for failing to complete sex offender treatment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    On October 15, 1996, Osborne was charged with the offense of sexual intercourse without consent, a felony, in violation of § 45-5-503(3)(a), MCA. Following a jury trial, Osborne was convicted and sentenced to fifteen years in the Montana State Prison, with eight years suspended. His conviction was affirmed by the Court. *State v. Osborne*, 1999 MT 149, 295 Mont. 54, 982 P.2d 1045. After serving the prison portion of his sentence, Osborne began serving the suspended portion on January 23, 2003, under several conditions, including that he enroll in and complete a sexual offender treatment program to the satisfaction of his probation and parole officer.

¶5    On April 27, 2005, the County Attorney petitioned the District Court for revocation of Osborne's suspended sentence due to five asserted violations of the suspended sentence conditions. The petition alleged that Osborne had violated the residency and employment requirements, failed to pay supervision fees, failed to complete a sexual offender treatment program, and had engaged in unsupervised contact with a minor child. The District Court ordered an evidentiary hearing on the matter.

2

¶6 The primary focus of the hearing was Osborne's alleged failure to complete a sexual offender treatment program. Osborne testified that he had not completed a sexual offender treatment program because he was innocent of the charges and had difficulty attending group sessions. The County Attorney offered the testimony of Osborne's probation officer, Dawn Handa (Handa). Handa testified that Osborne had been discharged from two different counseling programs. The first dismissal was based on Osborne's failure to identify any reasons for treatment, identify a cycle of abuse, or complete any of the assigned homework, as well as his inability to pay for treatment. At the time of his dismissal he had completed only half of the workbook he had been given eighteen months earlier and the counselor was concerned with his level of inactivity during group sessions, as he often fell asleep. Osborne then entered a second program and was subsequently terminated from that program for dishonesty. Handa explained that the programs were specifically developed for defendants like Osborne, who denied his guilt. Handa testified that, while it is difficult to treat deniers, individuals that deny guilt are treated using different counseling methods than individuals that admit guilt. These methods include identifying ways of avoiding future allegations of misconduct, as well as identifying general cycles of abuse and discussing "grooming activities" and "red flags" through the use of hypothetical questions. Moreover, deniers are asked to recognize other life problems and seek solutions. However, Osborne refused to complete any of these tasks.

¶7 Following the evidentiary hearing, the District Court determined that Osborne had violated the residency requirement, employment requirement, fee payment requirement

and the sex offender treatment program requirement, concluding in its written order that the corresponding "violations 4a, 4b, 4c, and 4d are a sufficient basis for revocation of [Osborne's] suspended sentence." The District Court revoked Osborne's suspended sentence and sentenced him to eight years in the Montana State Prison, with four years suspended. Osborne appeals.

## STANDARD OF REVIEW

¶8 The standard of review of a district court's decision to revoke a defendant's suspended sentence is "to determine whether the court abused its discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State." *State v. Shockley*, 2001 MT 180, ¶ 8, 306 Mont. 196, ¶ 8, 31 P.3d 350, ¶ 8.

## DISCUSSION

¶9 **Did the District Court abuse its discretion by revoking Osborne's suspended sentence for failing to complete sex offender treatment?**

¶10 Osborne argues that the District Court erred by basing the revocation of his suspended sentence on the sex offender treatment condition because the treatment program required that he explicitly and implicitly admit guilt in order to participate. Thus, Osborne asserts that the treatment program violated his constitutional protections against self-incrimination, relying on *State v. Imlay*, 249 Mont. 82, 813 P.2d 979 (1991).

¶11 In *Imlay*, we held that subjecting an individual to a harsher penalty than he would otherwise be subjected to if he admitted guilt, is an impermissible violation of the constitutional right against self-incrimination. *Imlay*, 249 Mont. at 90-91, 813 P.2d at 985. Imlay, who was convicted of sexual assault, maintained his innocence throughout

4

the proceedings. *Imlay*, 249 Mont. at 85, 813 P.2d at 981. Imlay was sentenced to five years in Montana State Prison, but execution of the sentence was suspended on the condition, among others, that he complete a sexual offender treatment program. *Imlay*, 249 Mont. at 84, 813 P.2d at 981. Thereafter, Imlay's suspended sentence was revoked because he had not completed the program. *Imlay*, 249 Mont. at 86, 813 P.2d at 982. He challenged the revocation as a violation of his right against self-incrimination. *Imlay*, 249 Mont. at 86-87, 813 P.2d at 982. We noted that despite complying with all other requirements of the program, and cooperating "in every manner possible" with respect to his counseling appointments, Imlay's failure in the program was for his refusal to admit guilt to the underlying offense, and his incarceration was "directly related to his refusal to admit that he committed a crime." *Imlay*, 249 Mont. at 87, 813 P.2d at 982-83. Therefore, we reversed the district court's decision because, absent a grant of immunity, Imlay's right against self-incrimination had been violated. *Imlay*, 249 Mont. at 91, 813 P.2d at 985.

¶12 Here, Osborne's reliance on *State v. Imlay* is misguided. Osborne's sexual offender treatment program did not require him to admit guilt in order to satisfactorily complete the course. Rather, the counseling was specifically tailored for a defendant in Osborne's position, who continued to deny commission of the offense. Although Osborne argues that having to answer certain questions "as if [he] had done the offense as charged" is still an "implicit" admission of guilt, it is clear that his constitutional rights were not "rendered meaningless" nor did he "have to abandon his right" against self-

5

incrimination by participating in such sessions, in contrast to Imlay. *Imlay*, 249 Mont. at 91, 813 P.2d at 985.

¶13    Moreover, Imlay complied with all other requirements of the program. *Imlay*, 249 Mont. at 87, 813 P.2d at 983. Osborne failed the program for various reasons, including lack of participation in group sessions, failure to complete homework assignments and identify a cycle of abuse. Osborne refused to participate in program activities that did not require an admittance of guilt and therefore wholly failed the counseling course.

¶14    In sum, the District Court's order was supported by substantial evidence and did not violate Osborne's right against self-incrimination. The District Court did not abuse its discretion in revoking Osborne's suspended sentence on the basis of failure to complete a sex offender treatment program.

¶15    Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS