FILED

March 3 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0858

DA 13-0858

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 73N

IN THE MATTER OF:

X.V.H.,

     A Youth.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DJ-12-10
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Nancy G. Schwartz, N.G. Schwartz Law, PLLC; Billings, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman, Assistant
Attorney General; Helena, Montana

          Bernard G. Cassidy, Lincoln County Attorney, Robert Slomski, Deputy
Lincoln County Attorney; Libby, Montana

                       Submitted on Briefs:  January 28, 2015
                              Decided:  March 3, 2015

Filed:

                         _____
                               Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 X.V.H., a youth, appeals the November 4, 2013 Youth Court order of commitment of the Nineteenth Judicial District, Lincoln County, which revokes his Youth Court probation and requires X.V.H. to register as a Level 2 sex offender. We affirm.

¶3 On November 26, 2012, the Youth Court filed an order of commitment for X.V.H. after X.V.H. admitted to two counts of felony sexual assault of two child victims. X.V.H. was ordered to serve probation at Alternative Youth Adventures (AYA) in Boulder. The terms of X.V.H.'s probation included condition 3: being obedient to guardians, teachers, therapist, group home staff, and his probation officer, and condition 4: successfully completing a sex offender treatment program. The order of commitment stated: "The Court defers any decision regarding requiring registration of the Youth as a sexual offender until after the Youth has completed treatment."

¶4 The State filed a petition to revoke probation on October 16, 2013. The petition alleged that X.V.H. violated condition 3 of probation by not being obedient to authority figures and condition 4 by not successfully completing treatment. At the hearing on the petition to revoke, X.V.H. admitted to violating conditions 3 and 4 of his probation. The Youth Court also addressed his sexual abuse of a third child victim, to which X.V.H. had not immediately admitted in sessions with his therapist. The second order of commitment was

2

filed on November 5, 2013. The second order revoked probation, committed X.V.H. to Pine Hills Youth Correctional Facility in Miles City, and required X.V.H. to register as a Level 2 sex offender. X.V.H. appeals the second order of commitment.

¶5 X.V.H. argues that the Youth Court abused its discretion by ordering him to register as a sex offender because he had not yet completed treatment. X.V.H. notes that the first order of commitment provided that the Youth Court deferred the decision of requiring registration "until after the Youth has completed treatment." X.V.H. asserts that completion of treatment was a "condition precedent" to the decision of registration, and since that condition had not yet occurred, the Youth Court's decision to require him to register was premature. X.V.H. contends that the Youth Court should have continued to defer the decision until he had completed treatment at Pine Hills.

¶6 The State argues that X.V.H. was required to register as a sex offender under the Sexual or Violent Offender Registration Act, §§ 46-23-501, MCA, et. seq., and X.V.H. did not meet any of the criteria which allow relief from registration under § 41-5-1513(1)(d), MCA. The State further contends that X.V.H. was required to "*successfully* complete the sexual offender treatment program at AYA," (emphasis added) under the first order of commitment, which X.V.H. did not do. X.V.H.'s therapist reported that "he has not internalized his treatment and will not use the skills he has learned to remain at a nominal level of risk for re-offense." The State argues that because X.V.H. had unsuccessfully completed treatment at AYA, the Youth Court was within its discretion to order registration at the hearing on the petition to revoke X.V.H.'s probation.

3

¶7 We will not overrule a youth court's judgment absent a clear abuse of discretion. The test for an abuse of discretion is whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice. *In re C.D.H.*, 2009 MT 8, ¶ 21, 349 Mont. 1, 201 P.3d 126 (citations and quotations omitted). In this case, the State's contention that X.V.H. did not successfully complete sex offender treatment at AYA as required by the first order of commitment is well taken. X.V.H.'s therapist at AYA reported that X.V.H. would not be allowed to graduate from the AYA sex offender treatment program. X.V.H. did not complete several homework assignments, and he continued to act inappropriately among his peers.

¶8 Assuming *arguendo* that the completion of treatment constituted a "condition precedent" which had to be satisfied before the Youth Court could require X.V.H. to register, the condition was satisfied when X.V.H. unsuccessfully completed treatment at AYA. To hold otherwise would reach an absurd result in which X.V.H. could theoretically put off registration indefinitely by continually failing to successfully complete treatment. Accordingly, the Youth Court did not abuse its discretion by ordering X.V.H. to register as a Level 2 sex offender.

¶9 X.V.H. next argues that the Youth Court violated his Fifth Amendment right against self-incrimination by considering his failure to immediately admit sexual abuse of another victim, citing *State v. Imlay*, 249 Mont. 82, 813 P.2d 979 (1991). In *Imlay*, we held that a defendant convicted of a crime could not have his sentence augmented for the sole reason of failing to admit guilt of the crime for which he was convicted. *Imlay*, 249 Mont. at 91, 813

4

P.2d at 895. X.V.H. urges this Court to invoke plain error review to address this unpreserved issue of self-incrimination.

¶10     The State contends that the Youth Court had adequate grounds on which to revoke X.V.H.'s probation, independent of X.V.H.'s initial unwillingness to admit to this further offense. The State cites *State v. Osborne*, 2007 MT 217, ¶ 12, 339 Mont. 45, 167 P.3d 405, in which we distinguished *Imlay* and found revocation of probation was proper when "Osborne failed the program for various reasons, including lack of participation in group sessions, failure to complete homework assignments and identify a cycle of abuse." *Osborne*, ¶ 12. We noted in *Osborne* that a lack of participation in treatment, independent from not admitting the offense for which one was convicted, is sufficient grounds to revoke probation. *Osborne*, ¶ 12. The State argues that X.V.H. failed to complete treatment on grounds independent from not admitting a further offense; therefore, the Youth Court had sufficient grounds to revoke X.V.H.'s probation, and X.V.H. has not met the burden necessary to invoke plain error review of the unpreserved claim that the Youth Court violated X.V.H.'s Fifth Amendment right against self-incrimination.

¶11     "This Court generally does not address issues raised for the first time on appeal." *State v. Taylor*, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79. "Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2)." Section 46-20-104(2), MCA. Notwithstanding this limitation on our ability to review unpreserved objections, we have held:

> [T]his Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of

5

the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.

*Taylor*, ¶ 14 (quoting *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996)).

¶12 X.V.H. is correct that, under our holding in *Imlay*, the Youth Court could not consider X.V.H.'s failure to admit to the new offense as the sole reason for revoking his probation. However, that is not the situation in this case. X.V.H. admitted to violating two separate conditions of his probation at the revocation hearing. These violations included refusing to comply with his therapist's instructions and putting forth no effort to complete assignments in therapy on numerous occasions. X.V.H.'s privilege against self-incrimination was not implicated in any manner by these violations. Independent of X.V.H.'s failure to admit to the new offense, therefore, there were adequate grounds to revoke his probation, and the Youth Court did not abuse its discretion in doing so.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that the appellant has not met his burden of persuasion to invoke use of the plain error doctrine in this case. The issues in this case were therefore ones of judicial discretion and there clearly was not an abuse of discretion. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON

6

/S/ MICHAEL E WHEAT
/S/ JIM RICE